NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5797-13T2
A-0151-14T1
A-0152-14T1

MIDLAND FUNDING LLC CURRENT
ASSIGNEE, [CITIBANK USA, N.A.,
ORIGINAL CREDITOR],

    Plaintiff-Appellant/
Cross-Respondent,

v.

BRUCE THIEL,

    Defendant-Respondent/
Cross-Appellant.

_____

MIDLAND FUNDING LLC CURRENT
ASSIGNEE, [CITIBANK CHILDREN'S
PLACE, ORIGINAL CREDITOR],

    Plaintiff-Appellant,

v.

LUISA ACEVEDO,

    Defendant-Respondent.

_____

MIDLAND FUNDING LLC CURRENT
ASSIGNEE, [GE MONEY BANK,
ORIGINAL CREDITOR],

    Plaintiff-Appellant,

v.

> **APPROVED FOR PUBLICATION**
>
> **August 29, 2016**
>
> **APPELLATE DIVISION**

ALISA JOHNSON,

     Defendant-Respondent.

_____

        Argued March 15, 2016 — Decided August 29, 2016

        Before Judges Fisher, Rothstadt, and Currier.

        On appeal from Superior Court of New Jersey, Law Division, Somerset County, Docket No. DC-87-14, and Passaic County, Docket Nos. DC-1886-14 and DC-1151-14.

        Lawrence J. McDermott, Jr., argued the cause for appellant/cross-respondent in A-5797-13, and for appellants in A-0151-14 and A-0152-14 (Pressler and Pressler, L.L.P., attorneys; Mr. McDermott, Steven A. Lang, and Michael J. Peters, on the briefs in A-5797-13; Mr. McDermott and Mr. Lang, on the briefs in A-0151-14; Mr. McDermott, on the briefs in A-0152-14).

        Richard A. Mastro argued the cause for respondent/cross-appellant in A-5797-13 (Legal Services of Northwest Jersey, Inc., attorneys; Mr. Mastro, on the briefs).

        Neil J. Fogarty argued the cause for respondents in A-0151-14 and A-0152-14 (Northeast New Jersey Legal Services, attorneys; Mr. Fogarty, on the briefs).

        Yongmoon Kim argued the cause for amici curiae Consumers League of New Jersey and National Association of Consumer Advocates in A-0151-14 and A-0152-14 (Kim Law Firm, LLC, attorneys; Mr. Kim, of counsel and on the briefs).

    The opinion of the court was delivered by

ROTHSTADT, J.A.D.

In these three appeals, which we calendared back-to-back and consolidated for purposes of this opinion, we are asked to determine the statute of limitations applicable to an action filed to collect debts arising from a customer's use of a retail store's credit card which use is restricted to the specific store. Plaintiff Midland Funding LLC, an assignee of the financial institutions that issued credit cards to store customers on behalf of retailers, argues the six-year statute of limitations that governs most contractual claims, N.J.S.A. 2A:14-1, is applicable under the circumstances presented, while defendants in each action, as well as amici curiae Consumer League of New Jersey and National Association of Consumer Advocates, argue the four-year statute of limitations, which governs contracts relating to the sale of goods, N.J.S.A. 12A:2-725, should control. In each of the cases, the trial court applied the four-year statute of limitations. Plaintiff challenges those decisions as well as the award to two defendants of statutory damages and fees under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C.A. §§ 1692 to 1692p.[1]

---

[1] The notices of appeal in A-0151-14 and A-0152-14 indicate plaintiff is also appealing from the court's denial of its motions for reconsideration in those actions. However, because plaintiff's briefs do not address those denials, we consider its appeal from those orders abandoned, as an issue that is not briefed on appeal is deemed waived. N.J. Dep't of Envtl. Prot.

(continued)

A-5797-13T2

The third defendant cross-appeals from the denial of his motion for summary judgment seeking a similar award under the FDCPA.

Having considered the parties' arguments, we hold that claims arising from a retail customer's use of a store-issued credit card — or one issued by a financial institution on a store's behalf — when the use of which is restricted to making purchases from the issuing retailer are subject to the four-year statute of limitations set forth in N.J.S.A. 12A:2-725. We also hold that if an action is filed after the expiration of this four-year period, the FDCPA requires the award of statutory damages and costs, absent a showing that the action was filed due to a "bona fide error" under the act. Accordingly, we affirm the application of the four-year statute of limitations in each case and the award of statutory fees and costs in two of the cases, but we reverse and remand the denial of those fees and costs in the other.

The orders under appeal were entered in response to summary judgment motions filed by defendants. The material facts contained in each matter's motion record were undisputed and can be summarized as follows.

---

(continued)
v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div.), certif. denied, 222 N.J. 17 (2015).

All three defendants obtained credit cards from specific stores, issued by unaffiliated financial institutions, that limited the cards' use to purchases from the specific store. Each of them defaulted in their payments. In each case, plaintiff acquired the debt by assignment and filed suit to recover the outstanding amount. Specifically, in June 2003, defendant Luisa Acevedo obtained a credit card from The Children's Place clothing store that was issued by Citibank and could only be used to purchase merchandise at that store. In 1998, defendant Alisa Johnson obtained a JCPenny credit card, issued by GE Money Bank, for use only at JCPenny stores. Defendant Bruce Thiel obtained a Home Depot credit card, issued by Citibank, for use only at Home Depot stores.

Each defendant used their card at the designated stores and made payments before eventually defaulting. Acevedo made her last payment on March 5, 2009, and was in default as of May 2009.[2] Johnson defaulted by December 2008, having made her last payment the previous month. Thiel made his last minimum payment

---

[2]  The credit card account became designated as "charged off" as of October 2009.

on March 16, 2009, and was in default as of April 20, 2009, when he failed to make the next required minimum payment.[3]

Plaintiff filed suit against each defendant more than four years after their respective defaults, but within six years. Specifically, on February 25, 2014, plaintiff filed a complaint against Acevedo seeking to recover the $824.90 balance on her account. Plaintiff filed a complaint against Johnson on February 4, 2014, seeking to collect her outstanding balance of $747.05. As to Thiel, plaintiff filed a complaint on July 18, 2013, seeking to collect the $2340.77 outstanding balance. Each defendant filed a responsive pleading asserting that plaintiff's claims were barred by the four-year statute of limitations, N.J.S.A. 12A:2-725, and setting forth claims against plaintiff under the FDCPA. In May 2014, each defendant filed a motion for summary judgment seeking dismissal of plaintiff's complaint and an award of damages and fees under the FDCPA.

The Special Civil Part in Passaic County heard oral arguments on Acevedo's and Johnson's motions together. After considering counsels' arguments, the court granted both motions, dismissing the complaints and awarding each defendant one thousand dollars in statutory damages under the FDCPA. The

---

[3] Thiel made a few additional payments after this date, in the amount of forty dollars each, but none of these payments satisfied the minimum payment due.

court entered judgments in favor of Acevedo and Johnson and directed them to file separate motions for counsel fees pursuant to the FDCPA, 15 U.S.C.A. § 1692k(a)(3).

In a written decision, the court explained its reasons for applying the four-year statute of limitations. The court adopted our reasoning in an unpublished opinion, New Century Fin. Servs., Inc. v. McNamara, A-2556-12 (App. Div. Mar. 20, 2014) including our reliance upon the Supreme Court's opinions in Sliger v. R.H. Macy & Co., 59 N.J. 465 (1971), and Associates Discount Corp. v. Palmer, 47 N.J. 183 (1966), and our opinion in Ford Motor Credit Co. v. Arce, 348 N.J. Super. 198 (App. Div. 2002).[4]

Acevedo and Johnson filed motions for statutory counsel fees, which the court granted, awarding Acevedo $4250 in attorney fees and Johnson $7632.50. Plaintiff filed motions for reconsideration, which the court denied, rejecting plaintiff's argument that the court failed to consider that the credit cards

---

[4] In relying upon our unpublished opinion in McNamara, the court recognized that Rule 1:36-3 limited its authority to cite or rely upon McNamara, but it felt it appropriate to mention it for the purpose of demonstrating that "the[se] very same attorneys who are now before this [c]ourt argued the very same issues before the Appellate Division in McNamara" and, for that reason, relied on McNamara to demonstrate that plaintiff consciously proceeded to commence these actions when its timeliness was contraindicated. We see no error in the judge's reliance on McNamara for that sole purpose.

were issued to Acevedo and Johnson by unaffiliated financial institutions.

Thiel's motion for summary judgment was considered by the Special Civil Part in Somerset County. After the parties presented their arguments, that court also relied upon the holdings in Sliger, Palmer, and our decision in Docteroff v. Barra Corp. of America, 282 N.J. Super. 230 (App. Div. 1995), as well as the United States District Court's opinion in Tele-Radio Systems, Ltd. v. De Forest Electronics, Inc., 92 F.R.D. 371 (D.N.J. 1981), and granted Thiel's motion as it pertained to plaintiff's claim against him, but denied it as to Thiel's counterclaim under the FDCPA. The court, relying upon Beattie v. D.M. Collections, Inc., 754 F. Supp. 383, 394 (D. Del. 1991) found that plaintiff did not violate the act.

Plaintiff filed a notice of appeal in all three cases, and Thiel filed a cross-appeal from the denial of his motion for statutory damages and counsel fees under the FDCPA.

In all three appeals, plaintiff challenges the courts' treatment of "an agreement between a buyer and a third-party financier who is neither the seller nor an assignee of the seller to provide credit for the purchase of goods [as equivalent to] a contract for the sale of goods [that is] subject to the four-year limitations period of the [UCC]." It

also argues that all three defendants were not entitled to summary judgment and, in the Acevedo and Johnson matters, that the court improperly relied upon our unpublished opinion.

In the Thiel appeal, plaintiff, relying upon the parties' responses to requests for admissions and Thiel's statement of material facts, further contends summary judgment was inappropriate and challenges the court's determination regarding plaintiff's claim that discovery was necessary before the motions should have been decided. In his cross-appeal, Thiel contends the court erred when it failed to award him damages and fees under the FDCPA, arguing the statute imposes strict liability and "[d]ebt collection matters initiated past the applicable statute of limitations violate the Act[,] entitling defendant to statutory damages and mandatory attorney fees."

"We review an order granting summary judgment 'in accordance with the same standards as the motion judge.'" Johnson v. Roselle EZ Quick LLC, __ N.J. __, __ (2016) (slip op. at 18) (quoting Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). "Such a motion will be granted if the record demonstrates that there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting R. 4:46-2(c)).

"We review questions of law de novo, and do not defer to the conclusions of the trial . . . courts." Ibid. Which statute of limitations applies to a claim, and whether the filing of a complaint after that period has passed constitutes a violation of the FDCPA, are "purely legal question[s] of statutory interpretation." Ibid.; see also Town of Kearny v. Brandt, 214 N.J. 76, 92-94 (2013); Zabilowicz v. Kelsey, 200 N.J. 507, 512-13 (2009); J.P. v. Smith, 444 N.J. Super. 507, 520 (App. Div.), certif. denied, __ N.J. __ (2016).

Applying this standard, we find plaintiff's arguments regarding the inapplicability of the four-year statute of limitations under N.J.S.A. 12A:2-725[5] to be without merit, and we

---

[5] Plaintiff argues N.J.S.A. 2A:14-1 should apply. That statute provides:

> Every action at law for . . . recovery upon a contractual claim or liability, express or implied, not under seal, or upon an account other than one which concerns the trade or merchandise between merchant and merchant, their factors, agents and servants, shall be commenced within 6 years next after the cause of any such action shall have accrued.
>
> This section shall not apply to any action for breach of any contract for sale governed by [N.J.S.A. 12A:2-725].
>
> [N.J.S.A. 2A:14-1 (Emphasis added).]

N.J.S.A. 12A:2-725, in turn, provides that "[a]n action for breach of any contract for sale must be commenced within four

(continued)

affirm substantially for the reasons expressed by the two motion judges. We add only the following brief comments.

"[I]n determining whether a contract is for 'sale of goods,' and thus covered by [N.J.S.A. 12A:2-725], a court must examine the whole transaction between the parties and look to the essence or main objective of the parties' agreement." Docteroff, supra, 282 N.J. Super. at 240. The basis for the four-year statute's applicability to store-issued credit cards was provided by the Court in Sliger, which affirmed the nature of the subject transactions as a sale of goods. See Sliger, supra, 59 N.J. at 467. In Palmer and Arce, the Court and the Appellate Division determined that the fact that a third-party creditor provided the financing for a sale of goods did not change the nature of the transaction as a sale of goods. See Palmer, supra, 47 N.J. at 187; Arce, supra, 348 N.J. Super. at 199-200.

The Special Civil Part judges also correctly determined there was no basis to deny summary judgment as to this issue in any of the three cases. Plaintiff failed to create any genuine issues of material fact regarding the statute of limitations. Although plaintiff argues that it should have been entitled to

_____
(continued)
years after the cause of action has accrued." N.J.S.A. 12A:2-725(1).

further discovery, it failed to meet its burden as the party seeking additional discovery to demonstrate how additional discovery would change the outcome of the case. See Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 555 (2015).

We also find no merit in plaintiff's contention that Thiel's partial payments, which were all less than the minimum amount required by his credit card agreement, tolled the running of the statute of limitations.[6]  "A cause of action will accrue on the date that 'the right to institute and maintain a suit first arose,'" and "generally coincides with 'the date on which the statutory clock begins to run.'"  Johnson, supra, __ N.J. at __ (slip op. at  30) (quoting White v. Mattera, 175 N.J. 158, 164 (2003)).  "In an action on a sales contract, '[a] cause of action accrues when the breach occurs.'"  Deluxe Sales & Serv., Inc. v. Hyundai Eng'g & Constr. Co., 254 N.J. Super. 370, 375 (App. Div. 1992) (quoting N.J.S.A. 12A:2-725(2)).  In collection actions, the right to institute and maintain a suit arises on the date of default — the first date on which the debtor fails to make a minimum payment.  See id. at 374-75.  The fact that

---

[6]  Plaintiff argues that Thiel's last payment was in February 2010, at which time the statute began to run.  We disagree with both contentions as, according to Thiel's account statements, the payment made on that date was reversed on the same day.  The last partial payment appears to have been made in December 2009, but, as discussed above, the statute had already begun to run.

Thiel made partial payments less than the minimum payment required after the date of default does not change the date of default, and thus does not change the date on which the cause of action accrued.

We turn to the trial courts' disparate treatment of defendants' FDCPA claims, and part company with the Somerset County Special Civil Part's determination that filing a time-barred action cannot be the basis for a claim under the act. We agree with the Passaic County Special Civil Part's decision that filing the action is automatically a violation, absent a showing that the complaint's filing was the result of a "bona fide error."

The purpose of the FDCPA is to protect consumers from "abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against" such practices. 15 U.S.C.A. § 1692(e); see also Hodges v. Sasil Corp., 189 N.J. 210, 222 (2007). To prevail, a debtor must prove: "(1) she is a consumer, (2) the [party seeking payment] is a debt collector, (3) the . . . challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the [collector] has violated a provision of the FDCPA in attempting to collect the debt." See Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014).

> Because the [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages. However, a debt collector may escape liability if it can demonstrate by a preponderance of the evidence that its "violation [of the Act] was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." [U.S.C.A.] § 1692k(c).
>
> [Rutgers — The State Univ. v. Fogel, 403 N.J. Super. 389, 392 n.2 (App. Div. 2008) (second alteration in original) (quoting Russell v. Equifax A.R.S., 74 F.3d 30, 33–34 (2d Cir. 1996)).]

See also Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A., 559 U.S. 573, 578, 130 S. Ct. 1605, 1609, 176 L. Ed. 2d 519, 525 (2010). However, "ignorance of the law will not excuse any person" from liability under the FDCPA, "even if the actor lacked actual knowledge that [the] conduct violated the law." Id. at 581-83, 130 S. Ct. at 1611-12, 176 L. Ed. 2d at 527-28.

There is no prohibition against a creditor seeking the voluntary repayment of a debt. Under New Jersey law, after the statute of limitations has run, a debt is not extinguished but is unenforceable in a court of law. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (citing R.A.C. v. P.J.S., Jr., 192 N.J. 81, 98 (2007)). The expiration of the statute of limitations does not absolve the debtor of the debt owed, but gives the debtor a complete defense to the creditor's attempt to

collect on the debt in a collection action.  Ibid.  Therefore, a debt collector does not violate the FDCPA by seeking voluntary payment of the debt, provided the collector "does not initiate or threaten legal action in connection with its debt collection efforts."  Id. at 33.

A debt collector violates the FDCPA if "he [or she] threaten[s or commences] a lawsuit on a debt which [he or she] 'knows or should know is unavailable or unwinnable by reason of a legal bar such as the statute of limitations.'"  Ibid. (quoting Beattie, supra, 754 F. Supp. at 393).  Thus, a debt collector violates the FDCPA by initiating "a lawsuit on a debt that appears to be time-barred, without . . . having first determined after a reasonable inquiry that [the] limitations period has been or should be tolled."  Ibid. (quoting Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987)).  Where there is no evidence raised establishing that the creditor made a "bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error," the act is violated and sanctions may be imposed.  See 15 U.S.C.A. 1692k(c); see also Fogel, supra, 403 N.J. Super. at 392 n.2; Kimber, supra, 668 F. Supp. at 1488-89; Jackson v. Midland Funding, LLC, 754 F. Supp. 2d 711, 714-16 (D.N.J. 2010), aff'd, 468 F. App'x 123 (3d Cir. 2012).

A-5797-13T2

Our review of the motion record in these matters leads us to conclude that plaintiff knew or at least should have known its claims were time-barred. In Acevedo's case, her statement of material facts stated that plaintiff admitted in its answer to her counterclaim that it knew she had defaulted in 2009, which plaintiff again admitted in its response, but it failed to file suit until 2014. In the Johnson action, plaintiff admitted in response to a request for admissions that Johnson had been in default since December 2008, and it did not file suit until 2014. In Thiel's action, it was not disputed that Thiel defaulted by April 2009, and the complaint against him was not filed until July 2013, although plaintiff believed that a payment or two of less than the minimum amount owed tolled the running of the statute. Plaintiff's opposing submissions never raised any other issue as to why it failed to file within the appropriate limitations period, other than its contention that the six-year statute applied. It did not plead "bona fide error" as an affirmative defense, nor did it raise any issues as to what procedures it had in place to avoid its error or what reasonable inquiry it made into the applicable statute of limitations. Plaintiff simply operated under the wrong impression as to the applicable statute of limitation and became liable to defendants under the FDCPA, entitling them to damages,

counsel fees and costs. See Jackson, supra, 754 F. Supp. 2d at 715 (holding creditor liable under the FDCPA for filing suit after expiration of applicable state's statute of limitations).

To the extent we have not expressly addressed any of plaintiff's remaining arguments, we find them to be without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Accordingly, we affirm the dismissal of plaintiff's complaints in all three matters and the trial court's award of damages and counsel fees to Acevedo and Johnson under the FDCPA; but we reverse the dismissal of Thiel's claim for the same award and remand to the trial court for entry of an order awarding damages and counsel fees.

Affirmed in part; reversed and remanded in part. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION