**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2069-18T3

JOHN RIELLO,

    Plaintiff-Appellant,

v.

BUHLER DODGE, HUDSON
CHRYSLER JEEP DODGE RAM,
FLEMINGTON CHRYSLER JEEP
DODGE, MT. EPHRAM
CHRYSLER DODGE RAM,
ROUTE 18 CHRYSLER JEEP
DODGE RAM, FREEHOLD DODGE,
JOHNSON DODGE CHRYSLER JEEP
RAM, BOB NOVICK CHRYSLER JEEP
RAM, CHERRY HILL DODGE
CHRYSLER JEEP RAM, RAMSEY
CHRYSLER JEEP DODGE RAM, COX
AUTOMOTIVE, AUTO TRADER as an
indispensable party, FCA USA LLC,
SEA VIEW JEEP CHRYSLER DODGE
RAM, CITY AUTO PARK, and
SPORT HYUNDAI DODGE RAM,

Defendants-Respondents.[1]

_____

Argued October 10, 2019 – Decided December 3, 2019

Before Judges Koblitz, Whipple, and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1505-18.

Jonathan S. Rudnick argued the cause for appellant.

Jay Bently Bohn argued the cause for respondents Buhler Chrysler Jeep Dodge Ram and Ramsey Chrysler Jeep Dodge Ram (Schiller, Pittenger & Galvin, PC, attorneys; Perry A. Pittenger, of counsel; Jay Bently Bohn, on the brief).

John Scott Fetten argued the cause for respondent UAG Hudson CJD, LLC, d/b/a Hudson Chrysler Jeep Dodge Ram (Montgomery Fetten, PA, attorneys; John Scott Fetten, of counsel and on the brief).

Bradley L. Rice argued the cause for respondents Flemington Chrysler Jeep Dodge and Route 18 Chrysler Jeep Dodge Ram (Nagel Rice, LLP, attorneys; Bradley L. Rice, of counsel and on the joint brief).

Christopher John Conover argued the cause for respondents Sea View Jeep Chrysler Dodge Ram and

---

[1] The following respondents were all improperly pled. They are correctly known as: Buhler Chrysler Jeep Dodge Ram; UAG Hudson CJD, LLC, d/b/a Hudson Chrysler Jeep Dodge; Johnson Dodge Chrysler, Inc.; Sea View Auto Corporation; Freehold Dodge Subaru; Foulke Management Corporation, t/a Mt. Ephraim Chrysler Dodge Ram; Cox Automotive, Inc.; Autotrader.com, Inc.; Dodge City, Inc., d/b/a City Auto Park; and Millennium, Inc., d/b/a Sport Hyundai Dodge.

A-2069-18T3

Johnson Dodge Chrysler Jeep Ram (Ahmuty, Demers & McManus, attorneys; Taimour Chaudhri, on the joint brief).

Matthew Warren Ritter argued the cause for respondent Bob Novick Chrysler Jeep Ram (Ritter Law Office, LLC, attorneys; Matthew Warren Ritter, on the joint brief).

Risa M. Chalfin argued the cause for respondent Freehold Dodge (Wilentz, Goldman & Spitzer, PA, attorneys; Marvin J. Brauth, of counsel and on the brief; Risa M. Chalfin, on the brief).

Laura D. Ruccolo argued the cause for respondents Mt. Ephraim Chrysler Dodge Ram and Cherry Hill Dodge Chrysler Jeep Ram (Capehart & Scatchard, PA, attorneys; Laura D. Ruccolo, of counsel and on the brief).

Jonathan E. Ginsberg argued the cause for respondents Cox Automotive and Auto Trader (Bryan Cave Leighton Paisner, LLP, attorneys; Jonathan E. Ginsberg, on the brief).

Nolan J. Mitchell (Nelson Mullins Riley & Scarborough LLP) of the Massachusetts bar, admitted pro hac vice, argued the cause for respondent FCA US LLC (Davison, Eastman, Munoz, Lederman & Paone, PA, and Nolan J. Mitchell, attorneys; James M. McGovern, Jr. and Nolan J. Mitchell, of counsel and on the brief).

Frank J. Kontely, III argued the cause for respondents City Auto Park and Sport Hyundai Dodge Ram (Hoagland, Longo, Moran, Dunst & Doukas, LLP, attorneys; Frank J. Kontely, III, of counsel and on the brief).

3

PER CURIAM

Plaintiff appeals from December 4 and 7, 2018 orders dismissing his third and fourth amended complaints with prejudice. We affirm.

Our review of the pleadings reveals this case arose from plaintiff's unsuccessful attempts to purchase a 2018 Dodge Challenger SRT Demon (Demon), a limited-production high-end performance vehicle. In plaintiff's fourth amended complaint he alleges that defendant FCA US LLC (FCA) announced a limited production of 3,300 Demons at the April 2017 New York Auto Show. Plaintiff asserts FCA represented that Demons would only be offered through an allocation process, which required that the vehicle be purchased before it would be built and delivered to the dealer. According to plaintiff's complaint, dealers had to meet certain sales requirements before they were eligible to order a Demon for their customers. FCA established a Demon pre-order window of ninety days – June 21 through September 21, 2017. The first Demons were delivered on or about November 11, 2017, and the last Demon was built on May 31, 2018.

Plaintiff alleges that in 2018, after seeing several Demons advertised online by various dealers through defendant Autotrader.com, Inc. (Autotrader), he attempted to purchase a Demon from the following defendant dealers:

4

Ramsey Chrysler, Buhler Chrysler, Route 18 Chrysler, Mount Ephraim Chrysler, Flemington Dodge, Hudson Chrysler, Freehold Chrysler Jeep,[2] Novick Chrysler, Cherry Hill Dodge, Johnson Chrysler, Sport Dodge, Sea View Chrysler, and City Auto Park. Plaintiff does not provide information as to how he initiated contact with each dealer, but alleges salespersons from each dealer, except for Sport Dodge, responded via email that the Demons were either unavailable or already sold. Sport Dodge informed plaintiff a Demon was available, but for the sale price of approximately $125,000, not the $85,000 plaintiff asserts was advertised.

On April 25, 2018, plaintiff filed a complaint alleging violations of the Consumer Fraud Act, N.J.S.A. 56:8-1 to -20, (CFA) against various Dodge Chrysler Jeep dealers (the dealers) and other non-dealer defendants, Cox Automotive, Inc., Autotrader, and FCA. Plaintiff then filed three additional amended complaints. The trial court dismissed the second amended complaint, which named additional dealers, without prejudice based on plaintiff's failure to state a claim under the CFA with particularity. However, the trial court twice more allowed plaintiff to file amended complaints.

---

[2] A stipulation of dismissal with prejudice was entered as to Freehold Chrysler Jeep.

A-2069-18T3

The fourth and most recent amended complaint alleges the Demon was not actually intended for mass market sale, but was instead meant to entice buyers into purchasing less expensive Dodge vehicles. Count One alleges that the dealers "engaged in a deceptive practice in violation of the [CFA] when they advertised a car with no intention of selling the car and as part of a scheme not to sell a car at an advertise[d] price." Plaintiff alleges FCA and the dealers "acted in concert and in agreement about implementing a deceptive pattern of practice, including but not limited to affirmative misrepresentations of fact with the intention that the plaintiff rely thereon to his detriment." Plaintiff further alleges that the dealers intentionally engaged in a deceptive scheme to advertise the Demon, without selling the vehicle at the advertised price. Plaintiff alleges in part, that FCA "participated in, ratifying the conduct of and is responsible for the advertising for the vehicles which the plaintiff attempted to purchase . . . [and] the placement of the advertising into the stream of commerce was managed, controlled and/or under the auspices of the manufacturer."

Between October 19 and November 15, 2018, all of defendants moved under Rule 4:6-2(e) to dismiss for failure to state a claim for relief under the CFA. The trial court heard oral argument on all of the motions and on December 4, and 7, 2018, issued orders dismissing all plaintiff's claims against all

A-2069-18T3

defendants.  Accompanying the orders was a thorough and well-reasoned written decision, explaining:

> This matter arises out of an alleged [CFA] violation on the part of approximately thirteen (13) different automobile dealerships.  Plaintiff reviewed the various prices and availability of a [Demon] on [Autotrader] and allegedly verified availability and price on numerous dealerships' websites.  Plaintiff alleges that the dealerships' failure or inability to sell plaintiff the subject vehicle at the advertised price constitutes a deceptive practice, bait and switch, deceptive advertising, and deceptive business practice.
>
> Here, it appears that [p]laintiff has failed to set forth an ascertainable loss on the face of his amended complaint.  Under the CFA "to have standing under the [CFA] a private party must plead a claim of ascertainable loss that is capable of surviving a motion for summary judgment." Weinberg v. Sprint Corp., 173 N.J. 233, 237 (2002).  Plaintiff's complaint alleges he "lost an asset that he should have been permitted to purchase at the advertised price which constitutes the ascertainable loss." See [p]laintiff's [t]hird [a]mended complaint [paragraph] 68.  This assertion does not show actual damages.  Again, [p]laintiff had the opportunity to purchase at least one Demon.  It appears to the [c]ourt that any losses in this matter are hypothetical, at best.  The [c]ourt finds that [p]laintiff's third and fourth amended complaints have failed to meet the standard set forth under [Rule] 4:5-8(a), regarding the specificity of which [CFA] claims and [c]ommon [l]aw fraud claims must be pled.

This appeal followed.  On appeal, plaintiff argues the trial court's findings and conclusions were inadequate to support dismissal, and that the trial court

A-2069-18T3

should have treated defendant FCA's motion under a summary judgment standard. Plaintiff further argues he sustained an ascertainable loss as a result of defendants' deceptive advertising, notwithstanding the lack of a completed transaction. We disagree.

Motions to dismiss for failure to state a claim upon which relief can be granted are decided under Rule 4:6-2(e). The trial court is to search the complaint in depth and accord every reasonable inference to plaintiff. Printing Mart-Morristown v. Sharp Elec. Corp., 116 N.J. 739, 746 (1989). However, a plaintiff must allege sufficient facts rather than conclusory allegations to support a cause of action. Scheidt v. DRS Tech., Inc., 424 N.J. Super. 188, 193 (App. Div. 2012). If the complaint states no basis for relief, and discovery would not provide one, then dismissal of the complaint is appropriate. Camden Cty. Energy Rec. Assocs. v. N.J. Dep't of Envtl. Prot., 320 N.J. Super. 59, 64-65 (App. Div. 1999). "[D]ismissal is mandated where the factual allegations are palpably insufficient to support a claim upon which relief can be granted." Rieder v. State, Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987).

Here, plaintiff argues he presented evidence of an ascertainable loss sufficient to survive dismissal. Plaintiff asserts his ascertainable loss arose from defendants' "refus[al] to . . . sell or even make available the [Demon] at the

advertised price." Essential to his argument is the assumption the Demon was worth more than its advertised price, or that it would increase in value. Plaintiff asserts defendants never intended to sell the vehicle at the advertised price, and an "ascertainable loss was created and rendered measurable when the defendant refused to honor their advertisements for the highly valued [Demon]."

"To prevail on a CFA claim, a plaintiff must establish three elements: '1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Zaman v. Felton, 219 N.J. 199, 222 (2014) (citation omitted). Under N.J.S.A. 56:8-19, private plaintiffs must show they suffered an "ascertainable loss of moneys or property."[3] Thus, "a private plaintiff must produce evidence from

---

[3] The Legislature enacted the CFA in 1960 to address rampant consumer complaints about fraudulent practices in the marketplace and to deter such conduct by merchants. Furst v. Einstein Moomjy, Inc., 182 N.J. 1, 11 (2004) (citing Cox v. Sears Roebuck & Co., 138 N.J. 2, 21 (1994)). The CFA initially conferred enforcement power exclusively on the Attorney General. See Weinberg, 173 N.J. at 247-48.

A private citizen cause of action was added under the CFA, however additional proofs are required for a private cause of action above those imposed on the Attorney General. Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 473 (1988). As a prerequisite to the right to bring a private action, a plaintiff must be able to demonstrate that "he or she suffered an ascertainable loss . . . as a result of the unlawful conduct." Weinberg, 173 N.J. at 237.

Our Supreme Court has held strong to the distinction. "When last we were asked to ignore the statutory distinction between CFA actions brought by the
(continued)

A-2069-18T3

which a factfinder could find or infer that the plaintiff suffered an actual loss." Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005). The loss may not be "hypothetical or illusory," but must be "quantifiable or measurable." Ibid. A "plaintiff must suffer a definite, certain and measurable loss, rather than one that is merely theoretical." Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 558 (2009).

Even where a plaintiff is able to establish unlawful conduct by a defendant, proof of an ascertainable loss is mandatory. Weinberg, 173 N.J. at 236-37, 249-50. "[T]o have standing under the [CFA] a private party must plead a claim of ascertainable loss that is capable of surviving a motion for summary judgment." Id. at 237. An ascertainable loss is shown either through proof of an out-of-pocket loss, or through a loss in value or benefit of the bargain. Thiedemann, 183 N.J. at 248, 252, n.8. "The 'benefit of the bargain' rule allows recovery for the difference between the price paid and the value of the property had the representations made been true; the 'out of pocket' approach provides recovery for the difference between the price paid and the actual value of the

_____

Attorney General and the actions a private plaintiff may bring, and to abrogate the requirement of an ascertainable loss for a private suit, we declined." Thiedemann, 183 N.J. at 247.

property acquired." Romano v. Galaxy Toyota, 399 N.J. Super. 470, 483 (App. Div. 2008) (citations omitted).  But here, there was no transaction, no property acquired, and therefore no out of pocket loss and no loss of value.

In Thiedemann, our Supreme Court declined to find an ascertainable loss regarding a malfunctioning fuel gauge that was later fixed.  183 N.J. at 252.

> [F]uture hypothetical diminution in value in the [vehicle] due to a fuel gauge that at one time did not read properly a full tank of gasoline, is too speculative to satisfy the CFA requirement of a demonstration of a quantifiable or otherwise measurable loss as a condition of bringing a CFA suit.  [Plaintiffs] made no attempt to sell their vehicle.  Nor did they present any expert evidence to support an inference of loss in value notwithstanding the lack of any attempt to sell the vehicle, i.e., that the resale market for the specific vehicle had been skewed by the "defect."  The absence of any such evidence, presented with a sufficient degree of reliability to permit the trial court, acting as gatekeeper, to allow the disputed fact to proceed before a jury, was fatal to plaintiffs' claim.
>
> [Ibid. (emphasis in original).]

Plaintiff contends he "lost an asset that he should have been permitted to purchase at the advertised price," that "the market value was more than the advertised price which constitutes the ascertainable loss," and that his inability to procure a Demon has deprived him of future profits from the potential sale of the vehicle.  However, plaintiff has proffered no allegations he knew of buyers

11

to whom he could have resold a Demon at a higher price, nor does his complaint explain the alleged potential unrealized appreciation on any Demon he would have obtained. Like the plaintiff in Thiedemann, plaintiff here presented nothing to suggest he has lost money on the future resale of a vehicle, nor has he presented any evidence that would allow a court to determine there was an ascertainable loss. Plaintiff asserts the Demon would sell for more than its initial list price, but provides nothing to support this proposition.

Moreover, we reject the assertion defendants refused to sell plaintiff a vehicle. Plaintiff's complaint alleges he contacted each dealership asking for more information, at which point he was informed the vehicles were unavailable, or, in the case of Sport Dodge, available for a higher price than previously advertised. Even if we were to assume the allocation process designed for distribution of Demons was a deceptive practice, without a concomitant ascertainable loss, a private plaintiff cannot seek recovery.

Plaintiff also argues that FCA's motion to dismiss was a disguised summary judgment motion that should have been denied. Plaintiff complains FCA included certain terms of service as an exhibit that were neither contained nor referenced in any of the pleadings. While FCA did submit information not contained in the pleadings, a thorough review of the trial court's statement of

12

reasons reveals no reference to FCA's submission. Because the trial court resolved the motions without considering the additional submissions, it properly resolved the issue on the pleadings.

Plaintiff additionally asserts the trial court's "December 4, 2018 and December 7, 2018 decision[s] did not contain findings of fact or conclusions supporting a dismissal." However, plaintiff's claim the trial court did not make adequate findings of law and fact in accordance with Rule 1:7-4 is without merit. The trial court's written opinion lays out the facts necessary for its determination and then applies the applicable law to those facts.

We do not need to address the December 7, 2018 order granting defendant Cox's motion to dismiss with prejudice, because plaintiff's brief contains no argument of any kind regarding the order or why the trial court's ruling should be reversed. Issues not briefed on appeal are deemed waived and abandoned. Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 542, n. 1 (App. Div. 2016); New Jersey Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505, n. 2 (App. Div. 2015) (stating "[a]n issue that is not briefed is deemed waived upon appeal"). Plaintiff's other arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13