**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3946-22

AMBER JONES, individually
and on behalf of those similarly
situated,

      Plaintiff-Appellant,

v.

AMERICAN CORADIUS
INTERNATIONAL LLC,

      Defendant-Respondent.

_____

Argued April 9, 2025 – Decided May 2, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0895-22.

Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Philip D. Stern and Yongmoon Kim, on the briefs).

Aaron R. Easley argued the cause for respondent (Sessions Israel & Shartle, LLC, attorneys; Aaron R. Easley and Jay I. Brody, on the brief).

PER CURIAM

Plaintiff Amber Jones, individually and on behalf of those similarly situated, appeals from the July 13, 2023 Law Division order granting defendant American Coradius International, LLC's motion to dismiss plaintiff's complaint for failure to state a claim. We affirm.

Plaintiff incurred a debt and the lender transmitted that debt to defendant, a debt collector. Defendant engaged a third-party letter vendor to draft, print, address and mail a collection letter to plaintiff. The letter included plaintiff's account number, the amount due to the lender and plaintiff's full name and address.

In May 2022, plaintiff filed a single-count purported class action complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p. Defendant, in lieu of an answer, moved to dismiss the complaint pursuant to Rule 4:6-2(e).

In June 2023, after hearing oral argument, the judge granted defendant's motion and dismissed the complaint with prejudice in an oral decision.[1] A July 13, 2023 order memorialized the decision.

---

[1] In dismissing the complaint, the judge rejected defendant's argument plaintiff lacked standing to bring a claim for violation of the FDCPA. We decline to address defendant's appellate arguments on this issue because defendant failed to file a timely cross-appeal. See Reich v. Borough of Fort Lee Zoning Bd. of

A-3946-22

In evaluating whether plaintiff sufficiently plead a claim for a violation of the FDCPA, the judge found defendant's communication with a letter vendor

> [was] not a violation that was intended within the [FDCPA]. A third[-]party vendor [was] doing something that could easily be done in house. [The letter vendor] just . . . create[d] a letter to send out. It mean[t] nothing. There cannot be a violation of the [FDCPA] because it is just a hyper technical argument, if you will.
>
> Technically, yes, there[ was] a violation because they sent it to the printer, but [did] it violate the purpose of the [FDCPA]? Clearly, it [did] not. . . . [T]o say that it does creates an uncritical literalism, which is not appropriate.

This appeal follows.

We review de novo a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting

Adjustment, 414 N.J. Super. 483, 499 n.9 (App. Div. 2010) (declining to address respondent's assertion of error because it was not properly raised by cross-appeal).

3

<u>Dimitrakopoulos</u>, 237 N.J. at 107). "The essential test [for determining the adequacy of a pleading] is simply 'whether a cause of action is "suggested" by the facts.'" <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451-52 (2013) (quoting <u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of [the] plaintiff to prove the allegation contained in the complaint." <u>Printing Mart-Morristown</u>, 116 N.J. at 746.

"[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." <u>Dimitrakopoulos</u>, 237 N.J. at 107. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J. 366, 378 (1995).

On appeal, plaintiff largely reprises the same arguments raised before the motion judge: her claims should not be dismissed. We disagree, addressing plaintiff's claims in turn.

In order to establish an FDCPA claim, a plaintiff must demonstrate: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the challenged practice involves an attempt to collect a "debt" as defined by the

FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)). Here, the trial judge correctly considered legislative intent to determine whether the alleged conduct violated the FDCPA.

In examining the plain meaning of a statute, "the Legislature's intent is paramount and, generally, the statutory language is the best indicator of that intent." Hodges v. Sasil Corp., 189 N.J. 210, 223 (2007). "Statutory words are ascribed their ordinary meaning and are read in context with related provisions, giving sense to the legislation as a whole." Ibid. "Our duty is to construe and apply the statute as enacted." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

Plaintiff alleged defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of her arguments, plaintiff cites out-of-state decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to address the out-of-jurisdiction cases cited by plaintiff. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025)

("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

We concur with the motion judge's determination that plaintiff's proposed interpretation of the FDCPA was uncritically literal. Defendant's disclosure of debt-related information to a letter vendor was not abusive, deceptive, nor unfair, and was not the type of conduct Congress intended to regulate when it enacted the FDCPA. When viewing plaintiff's complaint and affording her all reasonable inferences of fact, plaintiff did not "genuinely allege" any facts establishing defendant's conduct violated the FDCPA.

To the extent we have not expressly addressed any of plaintiff's remaining issues, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3946-22