**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2336-24

IN THE MATTER OF
THE ESTATE OF
DIVA MARY TROIANO,
a/k/a DIVA TROIANO.

_____

Submitted May 12, 2026 – Decided June 4, 2026

Before Judges Torregrossa-O'Connor and Rosero.

On appeal from the Superior Court of New Jersey, Chancery Division, Atlantic County, Docket No. P-133826-24.

Cooper Levenson, PA, attorneys for appellant Albert Troiano, Jr. (Justin D. Santagata, on the briefs).

Daniel J. Gallagher, attorney for respondent Stephen Troiano.

PER CURIAM

We granted appellant, Albert Troiano, Jr.'s motion for leave to appeal a

Chancery Division order in this probate matter, entering summary judgment in

favor of his brother, respondent, Stephen Troiano,[1] and closing the estate of the parties' mother, decedent, Diva Mary Troiano. The court closed the estate after determining there were no assets that could be administered to either Albert or Stephen, the two residuary beneficiaries listed in decedent's will.

On appeal,[2] Albert claims that the court improperly granted summary judgment and failed to state its findings of fact on the record regarding whether Diva T LLC, a company formed by decedent, was owned by decedent at the time of her death, and thus an asset of the estate. Albert argues the court improperly considered a document, provided by Stephen in a supplemental filing, memorializing decedent's transferring years before her death her entire interest in Diva T LLC to her granddaughter, Stephanie. We affirm.

I.

Decedent passed away on November 18, 2023. On December 4, 2023, Stephen applied to probate decedent's will, dated January 5, 2012, naming Stephen as executor. The will listed Albert and Stephen as residuary

---

[1] For clarity given their shared surname, we refer to Albert, Stephen, and Stephanie Troiano, decedent's granddaughter, by their first names. We intend no disrespect.

[2] The parties in this case were permitted to rely on their briefs in support of and in opposition to defendant's motion for leave to appeal as their briefs on the merits in this appeal.

A-2336-24

beneficiaries, each receiving fifty percent of the residuary estate. The Atlantic County Surrogate's Court issued Stephen letters testamentary, duly authorizing Stephen to administer decedent's estate according to the 2012 will.

Thereafter, Albert applied to probate an after-discovered will allegedly executed by decedent dated October 31, 2018, naming Albert as executor and Albert's son, Westin, as an alternative executor in the event Albert was unable to perform his duties. Like the 2012 will, the 2018 will also listed both Albert and Stephen as residuary beneficiaries, with each receiving fifty percent of the residuary estate. The parties agree that the only difference between these two wills is the chosen executor.

In February 2024, before the Chancery Division, Stephen opposed probating the 2018 will, asserting no assets remained in the estate. The court admitted the after-discovered will to probate. Noting no distinction between the 2012 and 2018 wills, except as to the executor, the court scheduled a hearing to further address the question of the estate's assets and the proper executor.

At a hearing the following month, Albert represented he was attempting to confirm the assets in the estate, which Stephen continued to contend did not exist. Albert specifically raised issues concerning certain real property (the property) that passed from the parties' late father to decedent, and argued as

3

executor of the 2018 will, he would be better able to investigate the assets. Stephen, as executor of their father's estate, contended the property Albert questioned indeed passed from their father to decedent. However, he represented decedent then transferred the deed into Diva T LLC, before thereafter transferring Diva T LLC and its holdings entirely to Stephanie, Stephen's daughter, who runs a bar located on the property.

Albert disputed whether the property had ever properly transferred to decedent or Diva T LLC.[3] The court then framed the two issues before it as what property, if any, was part of the estate and who should be executor of the estate, and carried the matter for discovery. The court noted the executor determination would be academic if no assets remained in the estate.

On August 16, 2024, Stephen, still acting as executor of decedent's estate pursuant to the 2012 will, filed a motion to reform the deed to the property to correct an error in its recorded metes and bounds, and to close decedent's estate. Albert opposed, and filed a cross-motion to compel discovery.

The court heard oral argument on all motions on November 13, 2024. Stephen requested the court reform the deed to the property to reflect the correct

---

[3] The executor issue is not before us on appeal. Albert also subsequently abandoned before the trial court his opposition to reforming the deed or challenging the property transferred from his father's estate.

A-2336-24

property description. He contended there was no dispute decedent transferred the property to Diva T LLC, previously co-owned by decedent and Stephanie, before decedent later transferred her interest in the LLC and its holdings to Stephanie. Stephen also identified a sum of money in a joint checking account belonging to decedent and her granddaughter and some "plates" and "jewelry." Stephen also noted that he paid for decedent's funeral using his own money, and Albert did not assist in paying the costs.

Albert argued the court should compel Stephen to produce tax returns, bank statements, and other deeds or documents relevant to decedent's estate. He at that time opposed reforming the deed, and continued to argue the property never fully passed from their father's estate to decedent. Albert also sought "the Diva T LLC records" to determine ownership of the LLC.

On November 19, 2024, the court issued an order requiring Stephen to provide Albert a list of decedent's personalty; all records, including the deed and bank statements, relating to the transfer of Diva T LLC; income tax returns for decedent; deeds and certain property records, and an "informal accounting" of the estate of decedent. In response, the informal accounting provided by Stephen reflected the estate included "decedent's clothing and the furniture in her room," funeral expenses in the amount of $13,644 and burial expenses in the

A-2336-24

amount of $1,470, and a joint checking account with Stephanie in the amount of $5,479.26.

At the hearing on February 25, 2025, Stephen indicated he turned over discovery as ordered, and represented no material facts remained to dispute the property was owned by Diva T LLC, which had been transferred entirely to Stephanie prior to decedent's death. He further argued he established the need to reform the deed and no dispute existed concerning the scope and nature of the property.

Albert agreed, having reviewed the discovery, there was no basis to oppose reformation of the deed. Albert also advised the court Stephen provided for the first time in his "reply" to the motion a resolution purportedly signed by decedent transferring her entire interest in the LLC to her granddaughter on March 23, 2018. Albert did not seek an adjournment or raise any dispute as to the resolution's authenticity.

The court then made findings of fact. It summarized the parties' dispute and the record concerning the error in the deed. Based on Albert's representations, the court acknowledged Albert no longer disputed the error in the property description and ordered reformation of the deed.

Then addressing Stephen's motion to close the estate, the court found no assets remained.  In light of the resolution Stephen produced memorializing decedent's transfer of her interest in Diva T LLC to Stephanie prior to decedent's death, the court inquired whether there remained any dispute as to the absence of assets in the estate.  Neither party raised an issue.  Albert indicated only that he could not represent any jewelry existed in the estate exceeding $20,000 in value, and Stephen confirmed that most jewelry and china plates were gifted away by decedent before death.

The court thus found there were no disputed facts and there were no assets in the estate, and denied Stephen's request for counsel fees.  By order dated February 25, 2025, the court memorialized its decision.  Specifically, the court ordered a reformation of the deed and the closure of decedent's estate.

A-2336-24

On appeal, Albert argues the trial court erred in granting summary judgment[4] because it "never ruled on the motion to depose Albert's counsel,"[5] "never directly addressed the dispute over Diva T LLC," and based its decision entirely on a resolution of Diva T LLC that was submitted for the first time "in reply" by Stephen.

## II.

"We review de novo the trial court's grant of summary judgment, applying the same standard as the trial court." Abboud v. Nat'l Union Fire Ins., 450 N.J. Super. 400, 406 (App. Div. 2017) (citing Templo Fuente de Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)). A court must grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is

---

[4] Although Albert's Notice of Appeal also indicates he appeals from the court's November 19, 2024 discovery order, he makes no argument in his brief asserting the court erred in its discovery order or challenging the order in any way. As such, the issue is deemed waived. See Midland Funding, LLC v. Thiel, 446 N.J. Super. 537, 542 n.1 (App. Div. 2016) (when appellant's Notice of Appeal lists issues later "not briefed on appeal," the Appellate Division "considers [the] appeal from those [issues] abandoned . . . [and] waived").

[5] We similarly deem this argument waived as defendant makes only the naked statement in Albert's brief on appeal indicating the trial court failed to consider its motion. See Midland, 446 N.J. Super. at 542 n.1.

entitled to a judgment or order as a matter of law." R. 4:46-2(c). "To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 450, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).

We have reviewed the record and reject Albert's claim the court improperly granted summary judgment in favor of Stephen and closed the estate.

"It is well-settled that the burden of showing that there are more assets in an estate than are acknowledged by the executors in their inventory or account rests upon the exceptants." In re Est. of Perrone, 5 N.J. 514, 521 (1950). These contentions "must be sustained with reasonable certainty." Ibid. Here, however, the asset issue was considered as a motion for summary judgment, and we therefore review it through the lens of whether the record, viewed in the light most favorable to Albert, presented disputed issues of material fact related to the ownership of Diva T LLC at the time of decedent's death.

The signed resolution reflected decedent transferred her interest in the LLC, and thus its holdings including the property, to Stephanie in 2018, roughly five years prior to decedent's death. Other than Albert's early certification baldly disputing Stephen's representation that Stephanie owned the LLC, citing only a

9

lack of documentation provided by Stephen, the record contained no contrary facts to dispute that decedent's transfer predated her death.

Albert now cites to a portion of a printout of a Status Report for Diva T LLC, dated November 1, 2024, listing decedent as "agent" and "president." However, the document does not reflect the ownership of the LLC on that date, or dispute decedent's transfer of her entire ownership interest to Stephanie in 2018. Further, a certification from James Portock, C.P.A., dated January 27, 2025, attested, "In 2018, [decedent] transferred the remaining ownership interests to Stephanie wherein Stephanie was at such time 100% owner of Diva T LLC." Portock certified he filed all relevant tax returns "for the individuals, the corporation and LLC" reflecting the ownership change. Thus, we are satisfied the record contained no evidence disputing decedent's 2018 transfer to Stephanie of decedent's remaining Diva T LLC ownership interest or that the property was therefore no longer part of the estate in 2023.

As we understand Albert's argument, he also contends Stephen's providing the resolution in a supplemental filing before the trial court should have either precluded it from consideration or warranted denial of summary judgment. We are not persuaded.

The trial court, before entering summary judgment and closing the estate, posited that the parties now agreed no assets remained in the estate, confirming "everybody consents to that." In the wake of Stephen's producing the resolution transferring ownership years before decedent's death, the parties raised no challenge. Hearing no dispute or application for additional discovery or supplemental filings or arguments, the court reasonably accepted that the resolution resolved the question regarding ownership of the LLC, and accordingly, the property held by it. On this record and in light of the parties' arguments and positions, we are not convinced the court's failure to state more detailed reasons regarding the ownership of Diva T LLC was error.

Importantly, the record before us reflects Albert never raised any claim before the trial court suggesting the resolution was other than what it purported to be or that it did not prove decedent in fact transferred Diva T LLC to Stephanie. Although in his brief before us Albert debuts his opinion decedent's signature on the resolution varies from decedent's signature on an earlier document, this claim was neither raised nor explored before the trial court and is thus not before us on appeal. This court need not consider arguments not presented to the trial court "when an opportunity for such presentation was

available."  Zaman v. Felton, 219 N.J. 199, 226-27 (2014) (quoting State v. Robinson, 200 N.J. 1, 20 (2009)).

Further, we are satisfied Albert's claim that Stephen's providing the resolution in a "reply" somehow should have barred its consideration lacks merit.  The very case Albert relies upon to make this argument undermines it.  In Sholtis v. American Cyanamid Co., 238 N.J. Super. 8 (App. Div. 1989), this court reversed a trial court's decision to exclude supplemental certifications regarding asbestos exposure in a strict liability asbestos case, noting courts have "wide discretion" to allow supplemental evidence to be submitted on summary judgment motions.  Id. at 17.  Here, the trial court's November 2024 order explicitly allowed for supplemental filings.  Therefore, we perceive no error in the court's considering the resolution memorializing decedent's transfer of Diva T LLC to Stephanie merely because it was supplied by supplemental filing.

To the extent we have not expressly addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Hanly

Clerk of the Appellate Division