972 A.2d 1151

NEW JERSEY SHORE BUILDERS ASSOCIATION, A NON–PROFIT NEW JERSEY CORPORATION, PLAINTIFF–RESPONDENT, v. TOWNSHIP OF JACKSON, A NEW JERSEY MUNICIPAL CORPORATION LOCATED IN OCEAN COUNTY, DEFENDANT–APPELLANT.

BUILDERS LEAGUE OF SOUTH JERSEY, PLAINTIFF–RESPONDENT, v. EGG HARBOR TOWNSHIP, IN THE COUNTY OF ATLANTIC, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE MAYOR AND TOWNSHIP COMMITTEE OF EGG HARBOR TOWNSHIP, DEFENDANTS–APPELLANTS.

Argued March 9, 2009—Decided June 25, 2009.

*Tara M. Garry* argued the cause for appellants Egg Harbor Township, Mayor and Township Committee of Egg Harbor Township (*Marc Friedman*, attorney).

*Kevin N. Starkey* argued the cause for appellant Township of Jackson (*Starkey, Kelly, Bauer, Kenneally & Cunningham*, attorneys; *Mr. Starkey* and *Dina R. Khajezadeh*, on the brief).

*Richard J. Hoff, Jr.*, argued the cause for respondent Builders League of South Jersey (*Flaster/Greenberg*, attorneys; *Robert M.*

*Washburn,* of counsel; *Mr. Washburn, Mr. Hoff,* and *Matthew T. Stanger,* on the briefs).

*Paul H. Schneider* argued the cause for respondent New Jersey Shore Builders Association (*Giordano, Halleran & Ciesla,* attorneys).

*Edward L. Lloyd* and *Susan J. Kraham* submitted a brief on behalf of amici curiae Sierra Club and Association of New Jersey Environmental Commissions (*Mr. Lloyd* and *Ms. Kraham,* attorneys).

*David G. Evans* submitted a brief on behalf of amicus curiae Pacific Legal Foundation.

PER CURIAM.

We granted certification in these consolidated appeals to review the Appellate Division's published decision, *N.J. Shore Builders Ass'n v. Twp. of Jackson,* 401 *N.J.Super.* 152, 949 A.2d 312 (App.Div.2008), concluding that municipalities lack the authority to adopt ordinances that require developers to provide open space or recreational area set-asides, or payments in lieu thereof, as a condition of approval. 197 *N.J.* 14, 960 A.2d 744 (2008). The Appellate Division's decision addressed ordinances promulgated by two municipalities, Jackson Township and Egg Harbor Township, that required developers to set aside land for those common uses or to make a payment in lieu of a set-aside, but as to which trial courts had issued conflicting decisions when the ordinances were challenged. That is, although the developers had raised many of the same legal arguments, one trial court had invalidated the Jackson Township ordinance, but a different trial court had upheld the Egg Harbor Township ordinance. In a consolidated appeal, the Appellate Division affirmed the former and reversed the latter decision, reasoning that municipalities do not have the power to impose such requirements on developers.

The Townships, in their petitions for certification, argued that the Appellate Division erred: by failing to give the challenged ordinances the presumption of validity to which they were entitled;

by concluding that the general purposes expressed in the Municipal Land Use Law (MLUL) that include preservation of open space, *see N.J.S.A.* 40:55D–2(c), –2(g), –2(j), do not confer authority on municipalities to promulgate such ordinances; by incorrectly interpreting the MLUL provisions permitting reservation of public areas and payment of compensation for open space, *see N.J.S.A.* 40:55D–44; and by improperly limiting the MLUL provisions relating to open space set-asides to Planned Unit Developments (PUD), *see N.J.S.A.* 40:55D–43, –45. After due consideration of each of those arguments, we find none of them persuasive and, for substantially the reasons expressed in Judge Winkelstein's thorough and thoughtful opinion, we affirm the Appellate Division's conclusion that the municipalities lack the authority to promulgate the ordinances in issue.

■ We add only the following observations. The MLUL is a carefully constructed and comprehensive framework governing the powers of municipalities relating to land use and development. As we have previously held, municipalities must exercise their powers relating to zoning and land use in a manner that will strictly conform with that statute's provisions. *Toll Bros., Inc. v. Bd. of Chosen Freeholders, County of Burlington,* 194 *N.J.* 223, 243, 944 *A.*2d 1 (2008); *see Avalon Home & Land Owners Ass'n v. Borough of Avalon,* 111 *N.J.* 205, 212, 543 *A.*2d 950 (1988) (invalidating ordinance that exceeded authority to permit restoration of destroyed non-conforming uses); *N.J. Builders Ass'n v. Bernards Twp.,* 108 *N.J.* 223, 237–38, 528 *A.*2d 555 (1987) (invalidating ordinance requiring contribution to off-tract improvements).

■ Our review of the applicable provisions of the MLUL compels us to conclude that the Legislature, although recognizing the benefits to be derived from open space, and although including its preservation among the enumerated purposes of the MLUL, *see N.J.S.A.* 40:55D–2(c), –2(g), –2(j), limited the manner in which municipalities may demand that it be made available. That is, the Legislature did not include in the MLUL a general mechanism for

effectuation of those stated goals but created specific means through which the municipalities are empowered to achieve the Act's purposes. *See Manalapan Realty, L.P. v. Manalapan Twp. Planning Bd.,* 140 *N.J.* 366, 380, 658 *A.*2d 1230 (1995) (describing purposes and operation of MLUL).

Significant to this dispute, the Legislature specifically permitted municipalities to require that open space be set aside as part of a PUD design, *see N.J.S.A.* 40:55D–43, –45, but made no similar grant of authority relating to other development applications. Had the Legislature intended to create the broader power that the municipalities suggest is vested in them, it would not have limited its authorization to the PUD context as it did.

Even in the PUD context, the power is not unbounded; it appears, for example, that the MLUL would not authorize a municipality to permit a developer to satisfy an open space requirement through the mechanism of a payment in lieu of a set-aside. We make that observation both because such an alternative would not advance the goal of ensuring that adequate open space be provided within the PUD and because the statutory authority that permits a municipality to require contributions for off-tract improvements is itself limited. *See N.J.S.A.* 40:55D–42 (referring to contributions for off-tract improvements to water, sewer, drainage, and street improvements only). We therefore note that, although not precisely the focus of this appeal, the suggestion that the MLUL would permit a payment in lieu designed to fund off-tract open space, as an alternative to the set-aside within a PUD, does not square with the MLUL.

Nevertheless, we do not suggest that municipalities have no power to create or encourage the preservation of open space. Indeed, the Legislature has permitted municipalities to use their Master Plans to designate areas for a variety of public purposes. *N.J.S.A.* 40:55D–28, –44. As part of that grant of authority, however, the Legislature has required the payment of just compensation to the owner of the affected parcel as a means of

acquiring the land so designated for that public purpose. *N.J.S.A.* 40:55D–44.

In short, the two municipalities seek to have us read the purposes of the MLUL in a fashion that would greatly expand the power vested in them to create open space. Although their goal is certainly a laudable one, we cannot interpret the plain wording of the MLUL to authorize them to achieve it in a manner that the Legislature has not permitted.

The judgment of the Appellate Division is affirmed.

*For affirmance*—Chief Justice RABNER and Justices LONG, LaVECCHIA, ALBIN, WALLACE, RIVERA–SOTO and HOENS—7.

*Opposed*—None.