**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2961-19

OLD TENNENT CEMETERY
ASSOCIATION,

     Plaintiff-Appellant,

v.

TOWNSHIP OF MANALAPAN
PLANNING BOARD,

     Defendant-Respondent.

_____

Argued September 30, 2021 – Decided October 20, 2021

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-3635-16.

Edward F. Liston, Jr., argued the cause for appellant.

Ronald D. Cucchiaro argued the cause for respondent Township of Manalapan Planning Board (Weiner Law Group, LLP, attorneys; Ronald D. Cucchiaro, of counsel and on the briefs).

Roger J. McLaughlin argued the cause for respondent Township of Manalapan (McLaughlin Stauffer & Shaklee,

PC, attorneys, join in the brief of respondent Township of Manalapan Planning Board).

PER CURIAM

Plaintiff Old Tennent Cemetery Association appeals from a February 18, 2020 order dismissing its complaint in lieu of prerogative writ with prejudice. The complaint was filed to challenge defendant Township of Manalapan Planning Board's (Planning Board) denial of plaintiff's preliminary and final site plan application to construct a driveway and crematorium on its property. The Planning Board claimed that it lacked jurisdiction because plaintiff required a variance from the Zoning Board of Adjustment (Zoning Board). The trial judge agreed and dismissed the complaint. On appeal, plaintiff argues that dismissal of its complaint was erroneous and that it was not required to obtain a variance from the Zoning Board. We affirm.

We discern the following facts from the record. Old Tennent Cemetery is a 12.5-acre property with a "one-story brick office building along with associated circulation and parking improvements" in the Township of Manalapan. A series of burial plots occupy 0.68 acres of the property, while the rest remains undeveloped. The property is located near the intersection of Freehold-Englishtown Road and Tennent Road. The main access to the property is "a paved driveway extending through adjacent Lot 3.011 to the north which

contains improvements associated with the Old Tennent Church and Cemetery."

The property is "situated within the R-E (Residential Environmental) Zone."

Before the Planning Board, plaintiff sought a preliminary and final site plan approval to construct an approximately 1,327 square-foot building addition to be used as a crematorium. This proposed addition would be on the "westerly side of the existing one-story office building" on the property. "An expansion of the existing driveway on-site is also proposed to provide vehicular access to the crematorium." Plaintiff also proposed "landscaping improvements."

On July 28, 2016, the Planning Board conducted a hearing on the application. Before the Planning Board, a non-profit group, Stop the Manalapan Crematorium, Inc. (SMC), objected to the application. The president of SMC, Glenn Cohen, testified that he was a resident of Manalapan. Cohen testified that the group was comprised of approximately eleven members, nine or ten of which were Manalapan residents. SMC is purportedly funded by donations from Manalapan residents and it does not own any property in Manalapan. The Planning Board voted that SMC had standing to oppose plaintiff's application.

Counsel for SMC argued that the Planning Board did not have jurisdiction to hear (d) variances, which included (d)(2) variances for expansion of nonconforming uses. He asserted that the Old Tennent Cemetery dates back to

3

the 1700s and was, "admittedly," a preexisting nonconforming use. He also argued the addition of a crematorium was an expansion of the nonconforming use, necessitating a (d)(2) variance. He further argued that the matter should be transferred to the Zoning Board.

Plaintiff, on the other hand, argued that it had "just as much [a] right to add a crematory to its cemetery as the Laurel Lawn[1] cemetery owner did." Plaintiff maintained that "Old Tennent [Cemetery] is legally entitled to continue its cemetery pursuant to N.J.S.A. 40:55D-68, and it is entitled to include a crematorium as accessory to use under the Laurel Lawn case." Plaintiff contended that "Old Tennent [Cemetery] is older than all of Manalapan zoning ordinances," even "older than the United States of America by a great many years," thus making it a pre-existing nonconforming use. Plaintiff averred that the crematory will be 1,327 square feet, which is 0.25 percent of the total square footage of the cemetery itself. Thus, plaintiff claimed all that was required is a site plan application, not a (d) variance, which the Planning Board has jurisdiction over pursuant to N.J.S.A. 40:55D-60. In short, plaintiff reasoned that because "Old Tennent [Cemetery] is a preexisting nonconforming use" and

---

[1] Laurel Lawn Cemetery Ass'n v. Zoning Bd. of Adjustment of Twp. of Upper Deerfield, 226 N.J. Super. 649 (Law Div. 1988).

"a crematorium is merely an accessory to a cemetery," it was entitled to apply for preliminary and final site plan approval before the Planning Board.

Following argument, the Planning Board opened the discussion to members of the public solely on the issue of jurisdiction. One member of the public, who happened to be the secretary of the Planning Board for Englishtown, stated plaintiff needed a "use variance" and should "go before the Zoning Board." The Planning Board's attorney, Ronald Cucchiaro, advised that the Zoning Board was the only entity with the authority to determine whether Old Tennent Cemetery is a preexisting nonconforming use.[2] Cucchiaro also disagreed with the suggestion that Laurel Lawn "mandates that this is an accessory use which obviate[d] the need for a (d)(2) variance." Cucchiaro made the following recommendations: that the Planning Board does not have jurisdiction because the nonconforming use status was never certified by the Zoning Board and, assuming arguendo it did, a (d)(2) variance was required which would also be submitted to the Zoning Board.

---

[2] Cucchiaro advised that the present matter was premature because there was no issuance of a certificate of nonconformity and that the Planning Board cannot simply accept the fact that Old Tennent Cemetery has a constitutionally vested right as a preexisting nonconforming use.

Based on the arguments presented, and Cucchiaro's recommendation, one board member made a motion "that [the Planning Board] lack[ed] the authority to hear [the] application . . . ." The motion was seconded, and a majority of the Planning Board voted in favor of the motion.

On September 8, 2016, the Planning Board memorialized its findings and conclusions in a resolution. The Planning Board determined that the Zoning Board "has exclusive jurisdiction to determine if the existing cemetery, and all of its improvements is a . . . non-conforming use." The Planning Board also found that "the introduction of a new crematorium, which includes the expansion of an existing structure, requires variance relief . . . ." For those reasons,[3] the Planning Board denied plaintiff's application for preliminary and final site plan approval.

On October 19, 2016, plaintiff filed a complaint in lieu of prerogative writ against the Planning Board. Plaintiff sought to reverse the denial of its application and to declare the September 8, 2016 resolution void. Plaintiff also sought an order directing the Planning Board to approve its application as well as an award of counsel fees. On November 22, 2016, the Planning Board filed

---

[3] The Planning Board also noted that the New Jersey Cemetery Act, N.J.S.A. 45:27-1 to 38, required plaintiff to first obtain approval from the Township Committee.

an answer, as did the Township of Manalapan (the Township) after being granted leave to intervene.

On February 18, 2020, Judge Lisa P. Thornton issued an order dismissing plaintiff's action in lieu of prerogative writ with prejudice, accompanied by a fourteen-page written opinion. The judge found that the evidence suggested that "Old Tennent Cemetery is a nonconforming use, not a permitted use." The judge determined that because an accessory use to a principal nonconforming use constituted an "expansion of a nonconforming use," it was subject to the exclusive jurisdiction of the Board of Adjustment.[4] Accordingly, the judge dismissed plaintiff's complaint with prejudice.[5] Plaintiff now appeals from that order. Plaintiff presents the following arguments for our review:

> POINT I
>
> AN ALTERNATIVE TO BURIAL, COMPRISING 1/400TH THE AREA OF A PRE-REVOLUTION CEMETERY, IS A DE [MINIMIS] ACCESSORY OF A NONCONFORMING USE; THE DISMISSAL OF

---

[4] In doing so, the court noted that it was "not overwhelmed by defendants' contention that a threshold issue exists regarding whether Old Tennent Cemetery is a valid nonconforming use" because defendants did "not dispute plaintiff's statement that Old Tennent Cemetery has existed since at least the Revolutionary War, long before a zoning ordinance was contemplated, let alone adopted."

[5] The judge also rejected plaintiff's contention that the Planning Board's decision was tainted by the "noisy recusal." That decision has not been appealed and is not before this panel.

A-2961-19

PLAINTIFF'S COMPLAINT WAS ERRONEOUS AND SHOULD BE REVERSED.

POINT II

PLAINTIFF WAS NOT REQUIRED TO OBTAIN MANALAPAN TOWNSHIP'S PERMISSION TO INCLUDE AN ACCESSORY CREMATORIUM ON ITS PROPERTY.

This court uses "the same standard used by the trial court" in evaluating actions by a public body, such as a zoning board. Bd. of Educ. of Clifton v. Zoning Bd. of Adjustment of Clifton, 409 N.J. Super. 389, 433-34 (App. Div. 2009) (citing Cohen v. Bd. of Adjustment of Rumson, 396 N.J. Super. 608, 614-15 (App. Div. 2007)). The court's standard of review of a decision by a zoning board varies depending on the issue being challenged. Courts accord wide latitude to the discretion of such public bodies to make fact-findings and decisions on land use applications. Kane Props., LLC v. City of Hoboken, 214 N.J. 199, 229 (2013) (citing Burbridge v. Governing Body of Twp. of Mine Hill, 117 N.J. 376, 385 (1990)); Kramer v. Bd. of Adjustment, 45 N.J. 268, 296-97 (1965).

On questions concerning the interpretation or determination of law, however, the court's review is de novo. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (stating that the "trial court's

interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference"); Fallone Props., L.L.C. v. Bethlehem Twp. Plan. Bd., 369 N.J. Super. 552, 561 (App. Div. 2004). A board of adjustment's "decision regarding a question of law, such as whether it has jurisdiction over a matter, is subject to de novo review by the courts and thus is afforded no deference." Pond Run Watershed Ass'n v. Twp. of Hamilton Zoning Bd. of Adjustment, 397 N.J. Super. 335, 350 (App. Div. 2008) (citing TWC Realty P'ship v. Zoning Bd. of Adjustment of Edison, 315 N.J. Super. 205, 211 (Law Div. 1998)).

The heart of the matter before us is whether, assuming arguendo that plaintiff's use is a pre-existing nonconforming use, the Planning Board or the Zoning Board of Adjustment has jurisdiction to hear plaintiff's application. The New Jersey Constitution authorizes the Legislature to regulate land use. N.J. Const. art. IV, § 6, ¶ 2. The Legislature delegated its authority to regulate land use to municipalities under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163. Municipalities are required to strictly conform to the MLUL. See N.J. Shore Builders Ass'n v. Twp. of Jackson, 199 N.J. 449, 452 (2009).

Preliminarily, the MLUL defines a nonconforming use as "a use or activity which was lawful prior to the adoption, revision[,] or amendment of a zoning

ordinance, but which fails to conform to the requirements of the zoning district in which it is located by reasons of such adoption, revision[,] or amendment." N.J.S.A. 40:55D-5.  It is well-settled that "[t]he zoning board's power to certify nonconforming uses is exclusive and may not be exercised by any other municipal agency."  Twp. of Stafford v. Stafford Twp. Zoning Bd. of Adjustment, 154 N.J. 62, 69 (1998) (citing N.J.S.A. 40:55D-68; N.J.S.A. 40:55D-20).

Pursuant to N.J.S.A. 40:55D-20, "[a]ny power expressly authorized by [the MLUL] to be exercised by (1) planning board or (2) [zoning] board of adjustment shall not be exercised by any other body, except as otherwise provided in this act."  N.J.S.A. 40:55D-70 outlines the powers of a zoning board. The Zoning Board has exclusive jurisdiction to "grant a variance to allow departure from regulations" to allow "a use or principal structure in a district restricted against such use or principal structure, [and] an expansion of a nonconforming use."  N.J.S.A. 40:55D-70(d)(1)-(2); see also Najduch v. Twp. of Indep. Plan. Bd., 411 N.J. Super. 268, 276-77 (App. Div. 2009) (noting the exclusive jurisdiction of boards of adjustment with respect to N.J.S.A. 40:55D-70(d) variances and their ancillary jurisdiction pursuant to N.J.S.A. 40:55D-76(b)).

A-2961-19

Plaintiff principally relies on Laurel Lawn, 226 N.J. Super. 649 in support of its arguments. There, like the case at bar, the cemetery "pre-existed the zoning ordinance" and was "located in the R-2 Residential zone," where a cemetery was "not a permitted use." Id. at 650. Therefore, the cemetery was a preexisting non-conforming use. Ibid. The township allowed cemeteries, "but only in R-1 Residential and A-1 Agricultural zones." Ibid. Laurel Lawn wanted "to build a crematorium in the cemetery" and, thus, applied for a conditional use permit. Ibid. Crematoriums were "not specifically provided for in any zone," and funeral homes were "permitted in R-2 Residential Zones." Ibid.

Laurel Lawn argued that the crematorium was "an accessory or incidental use to [the] cemetery . . . ." Ibid. The township contended, however, that the crematorium was "a primary use, not incidental to the non-conforming cemetery use." Id. at 651. After reviewing various definitions in the New Jersey Cemetery Act, as well as prior precedent involving accessory uses, the judge ultimately held:

> Until recently, cremation was not generally accepted, favored or utilized, which may explain why there is no well[-]lit path of stare decisis dealing with the subject, why the [t]ownship zoning ordinance is silent on the subject, why many Title 8A amendments deal with the subject and why crematories are not situate[d] and functioning in most cemeteries.

11

The practice appears to be gaining acceptance and more widespread use as an alternative to traditional interment. Since that is exactly what it is, an alternative to interment, then the Legislative bent toward equating cremation with a cemetery use seems logical, practical and utilitarian, not disruptive, noxious or alien to a cemetery.

[Id. at 653.]

In short, Laurel Lawn stands for the unremarkable proposition that a crematorium is an accessory or incidental use to a cemetery because, like a funeral home, it deals with the disposition of human remains. Id. at 651-53; see also Cox & Koenig, New Jersey Zoning & Land Use Administration § 38-2 (2021) ("A crematorium has been held to be an accessory use to a cemetery." (citing the same)). The judge reversed the Zoning Board's decision. Laurel Lawn, 226 N.J. Super. at 653.

Accessory uses, like a crematorium in a cemetery, "which are either not permitted by ordinance or which are accessory to a nonconforming principal use can be allowed by way of variance only pursuant to" N.J.S.A. 40:55D-70(d). Cox & Koenig, New Jersey Zoning & Land Use Administration § 38-5 (2021). Because a crematorium is an accessory use to a cemetery, and the Old Tennent Cemetery is a pre-existing non-conforming use, a N.J.S.A. 40:55D-70(d) variance is required unless crematoriums are permitted by ordinance.

It is clear that crematoriums are not permitted by ordinance. "Any use, except for essential services, which is not specifically listed as a permitted use, an accessory use[,] or a conditional use on the Schedule of Permitted Uses shall be deemed a prohibited use." Manalapan Township, N.J., Ordinance, ch. 95, art. V, §95-5.3(A) (2012). As the trial judge observed, the R-E Zone in the Township of Manalapan allows the following permitted uses: single-family dwelling; community residences for the developmentally disabled pursuant to N.J.S.A. 40:55D-66.1; single-family detached residential clusters; municipal facilities operated by Manalapan Township; volunteer fire house, first aid station; township parks, playground and swimming areas; farms. Manalapan Township, N.J., Ordinance, ch. 95, art. V, §95-5.1 (2013). The R-E Zone allows the following conditional uses: private swim clubs; elementary and secondary schools; places of worship; private parks and playgrounds. Ibid. The R-E Zone allows some of the following accessory uses: horses, horse shelters and exercise areas; essential services; private garages; signs; fences and walls; private swimming pools; toolsheds and storage buildings; animal shelters for domestic pets; off-street parking; private tennis courts; private residential sports courts. Ibid.

Taken together, assuming the Tennent Cemetery is a pre-existing non-conforming use, and in light of the fact that a crematorium is an accessory use to a cemetery, Laurel Lawn, 226 N.J. Super. at 653, the Zoning Board of Adjustment had exclusive jurisdiction:

> The zoning board of adjustment will also exercise jurisdiction where an application for site plan approval is made for an accessory use . . . to a principal nonconforming use. In such a case, [the accessory use] would constitute the expansion of a nonconforming use and hence the Zoning Board . . . would have exclusive jurisdiction.
>
> [Cox & Koenig, New Jersey Zoning & Land Use Administration § 23-15 (2021).]

To the extent we have not addressed any of the parties' remaining arguments, we conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-2961-19