**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0290-23

SCOTT ETZEL, on behalf of
himself and all others similarly
situated,

      Plaintiffs-Appellants/
      Cross-Respondents,

v.

ROBERTSON, ANSCHUTZ,
SCHNEID, CRANE &
PARTNERS PLLC,

      Defendant-Respondent/
      Cross-Appellant.

_____

Submitted September 10, 2024 – Decided September 25, 2024

Before Judges Gilson, Firko and Augostini.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-0240-23.

Jones, Wolf & Kapasi, LLC, attorneys for appellants/cross-respondents (Joseph K. Jones and Benjamin J. Wolf, on the briefs).

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent/cross-appellant (Keith Lorenze and David Y. Rosenberg, on the briefs).

PER CURIAM

Plaintiff Scott Etzel appeals from an order dated August 25, 2023 dismissing his complaint with prejudice for failing to state a claim. We affirm for the reasons set forth by the trial court in its thorough written opinion.

We derive the following facts from the record. Plaintiff incurred a personal loan obligation with Lakeview Loan Servicing, LLC, (Lakeview) which was secured by a residential mortgage. Plaintiff defaulted, and Lakeview referred the matter to defendant RAS Legal Group for collection.

On behalf of Lakeview, defendant sent plaintiff a debt collection notice. Plaintiff claims the undated notice left him confused. After reviewing the notice, plaintiff contends he "was left unsure of among other things; how the interest was calculated; how many days the interest was calculated on; or the interest rate being applied" to the loan.

On February 1, 2023, plaintiff filed a proposed class action complaint, alleging violations of the Fair Debt Collection Practices Act (FDCPA), specifically, 15 U.S.C.A. § 1692(g), § 1692(e), and Debt Collection Practices (Regulation F), 12 C.F.R. § 1006. Plaintiff contended defendant's debt notice

letter was confusing and misleading, causing plaintiff to suffer an informational injury. Plaintiff sought a declaratory judgment based upon defendant's violation of the FDCPA.

On March 9, 2023, defendant removed the case to the U.S. District Court of New Jersey pursuant to 28 U.S.C. § 1331. The parties stipulated plaintiff lacked standing in federal court under Article III of the U.S. Constitution and agreed to remand the case to state court. Following the remand, defendant filed a motion to dismiss plaintiff's complaint for failure to state a claim, contending plaintiff lacked standing because he failed to allege any injury or threatened harm; plaintiff failed to allege facts supporting the claim defendant was a debt collector; and the safe harbor rule contained in Regulation F, 12 C.F.R. § 1006.34(d)(2)(i), provided protection because defendant used the model debt collection letter.

After considering the parties' submissions and arguments, the court granted the motion to dismiss for the reasons explained in a twenty-four-page decision attached to the order.

The court recognized that plaintiff's claim for an "informational injury" "may satisfy New Jersey's low bar for standing" despite the parties' stipulation that plaintiff lacked standing in federal court. The court found the lack of any

3

facts identifying concrete harm, "adverse effects or other downstream consequences" "preclude[d] the plaintiff from vaulting the threshold required under R[ule]. 4:6-2(e)." Kelly v. Realpage Inc., 47 F.4th 202, 214 (3d Cir. 2022) (quoting TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2214 (2021)). The court "could not find that . . . [d]efendant's failure to include a date on the [debt notice] letter or failure to include an interest rate/calculation constituted false or misleading representations under 15 U.S.C. § 1692e when those are not requirements under U.S.C. § 1692g(a) or Regulation F." The court concluded that plaintiff failed to identify any required information not provided and the adverse consequences he suffered because of this lack of information.

The court agreed with defendant that the debt notice was "nearly identical to Model Form B-1." Because the debt notice plaintiff received "sufficiently mirrors Model Form B-1," the court found the safe harbor provision provided defendant with protection from a violation of the FDCPA. The court further explained that even without applying the safe harbor provision, defendant's notice included all information required under Regulation F.

Having found defendant's conduct did not violate the FDCPA or Regulation F, the court denied plaintiff's request for a declaratory judgment and dismissed all counts of plaintiff's complaint with prejudice.

A-0290-23

Plaintiff contends the trial court erred in dismissing the complaint for two reasons: (1) plaintiff asserted plausible and valid claims under the FDCPA and Regulation F, and (2) plaintiff sufficiently pled a viable cause of action because, in attempting to collect the debt, defendant utilized a debt collection letter that contained false, misleading, and deceptive representations.

Having carefully reviewed the record and considered the arguments, we reject plaintiff's claims and affirm substantially for the reasons set forth in the trial court's thorough and well-reasoned opinion. For the most part, plaintiff's arguments do not warrant any additional discussion. R. 2:11-3(e)(1)(E). However, we comment briefly upon several of those arguments.

We review the grant of a motion to dismiss a complaint de novo, using the same standard that governs the trial court. Smerling v. Harrah's Ent., Inc., 389 N.J. Super. 181, 186 (App. Div. 2006). Thus, we search "the complaint[s] in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim . . ." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). "[W]e accept the facts alleged in the complaint as true, granting plaintiff[s] 'every reasonable inference of fact.'" Guzman v. M. Teixeira Int'l.,

Inc., 476 N.J. Super. 64, 67 (App. Div. 2023) (citing Major v. Maguire, 224 N.J. 1, 26 (2016) and (quoting Printing Mart-Morristown, 116 N.J. at 746)). "A complaint should be dismissed for failure to state a claim pursuant to Rule 4:6-2(e) only if 'the factual allegations are palpably insufficient to support a claim upon which relief can be granted.'" Frederick v. Smith, 416 N.J. Super. 594, 597 (App. Div. 2010) (quoting Rieder v. State Dep't of Transp., 221 N.J. Super. 547, 552 (App. Div. 1987)).

"The purpose of the FDCPA is to protect consumers from 'abusive debt collection practices by debt collectors . . . and to promote consistent State action to protect consumers against' such practices." Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting 15 U.S.C. § 1692(e)); see also Hodges v. Sasil Corp., 189 N.J. 210, 222 (2007). The FDCPA requires debt collectors to send collection letters, otherwise referred to as "validation notices," which "disclose information about the debt that helps consumers identify the debt and facilitates resolution of the debt." Debt Collection Practices (Regulation F), 86 Fed. Reg. 5766, 5801 (Jan. 19, 2021) (codified at 12 C.F.R. § 1006). Section 1692g(a) of the FDCPA outlines information to be included in a debt collection notice, such as the amount of the debt; the name of the creditor;

A-0290-23

and information regarding how a creditor can dispute the debt. 15 U.S.C. § 1692g(a).

Regulation F, which implements the FDCPA, includes a model validation notice—the Model Form B-1—which does not include the date of the notice. 12 C.F.R. § 1006.34, App. B (the "CFPB Model Form"). Additionally, Regulation F provides a safe harbor provision for debt collectors using this form, which provides: "[a] debt collector who uses Model Form B-1 complies with the information and form requirements of paragraphs (c) and (d)(1) of this section." 12 C.F.R. § 1006.34(d)(2)(i).

Section 1692g of the FDCPA sets forth the requirements for validation notices mandated by Regulation F. See 15 U.S.C. § 1692g(a). The intent of this section of the FDCPA is to ensure that consumers receive adequate notice of their rights and sufficient information regarding their debt.

To prevail on a FDCPA claim, "a debtor must prove: '(1) she is a consumer, (2) the [party seeking payment] is a debt collector, (3) the . . . challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the [collector] has violated a provision of the FDCPA in attempting to collect the debt.'" Midland Funding LLC, 446 N.J. Super. at 549 (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)).

"Courts routinely employ a 'least sophisticated debtor' standard when deciding if debt collection violates the FDCPA." Jensen v. Pressler & Pressler, 791 F.3d 413, 418 (3d Cir. 2015). In examining a debt collector's statement, courts examine whether the "communication to a debtor would deceive or mislead the least sophisticated debtor." Id. at 420 (citing McLaughlin v. Phelan Hallinan & Schmieg, LLP, 756 F.3d 240, 246 (3rd Cir. 2014)).

Plaintiff contends the undated debt notice letter violated several provisions of the FDCPA by making false, deceptive, or misleading representations and failing to provide correct information regarding the amount of the debt. Specifically, plaintiff argues he was misled as to the amount and status of his debt because it was not associated with a particular date. Plaintiff further asserts that he put forth plausible claims for relief because defendant's letter failed to clearly state the amount of the debt or provide a breakdown of how the interest was calculated.

In its decision, the trial court correctly examined the legislative intent in assessing whether the debt notice violated the FDCPA. In rejecting plaintiff's assertions regarding the debt notice, the court detailed the information included on the notice as required by 12 C.F.R. § 1006.18(e), 12 C.F.R. § 1006.34(c), and

15 U.S.C. § 1692g(a) and concluded that the notice complied with the requirements of Regulation F and 15 U.S.C. § 1692g(a).

Plaintiff's main contention is that the notice is misleading in violation of § 1692e because it fails to include the debt's interest rate and the date of the collection letter. While the notice provides "[a]s of September 16, 2022, you owe: $232,442.84," the next line states "[b]etween September 16, 2022 and today: [y]ou were charged this amount in interest: $94.88." Plaintiff argues that the lack of date and the interest rate impeded his ability to respond appropriately to this notice. However, as the court noted, the notice provided plaintiff with contact information as to how to dispute the debt or seek additional information regarding the debt. In examining the totality of the notice, and applying the "least sophisticated debtor" standard, the court did not find the notice misleading or false. Moreover, plaintiff pled no facts explaining how the lack of an interest rate calculation or date of the letter caused any adverse consequences or negative downstream effects to him.

We concur with the court's findings that the debt notice letter was not abusive, deceptive, or misleading in violation of the FDCPA. Because we affirm the trial court's dismissal of plaintiff's complaint with prejudice, defendant's cross-appeal is moot.

A-0290-23

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0290-23