**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3463-22

RANDY HOPKINS, on behalf
of himself and those similarly
situated,

     Plaintiff-Appellant,

v.

CONVERGENT
OUTSOURCING, INC.,

     Defendant-Respondent.

_____

Argued March 12, 2025 – Decided May 2, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-0342-23.

Philip D. Stern argued the cause for appellant (Kim Law Firm LLC, attorneys; Philip D. Stern and Yongmoon Kim, on the briefs).

Aaron R. Easley argued the cause for respondent (Sessions Israel and Shartle, LLC, attorneys; Aaron R. Easley and Jay I. Brody, on the brief).

PER CURIAM

Plaintiff Randy Hopkins, on behalf of himself and those similarly situated, appeals from the May 31, 2023 Law Division order granting defendant Convergent Outsourcing, Inc.'s motion to dismiss plaintiff's complaint for failure to state a claim. We affirm.

Plaintiff incurred a debt and the lender transmitted that debt to defendant, a debt collector. Defendant engaged a third-party letter vendor to draft, print, address and mail a collection letter to plaintiff. The letter included plaintiff's account number, the amount due to the lender and plaintiff's full name and address.

In February 2023, plaintiff filed a four-count purported class action complaint alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p; violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -229; negligence and invasion of privacy, based on defendant's sharing plaintiff's personal information to a third party. Defendant, in lieu of an answer, moved to dismiss the complaint pursuant to Rule 4:6-2(e).

After hearing oral argument, Judge Darren Del Sardo granted defendant's motion and dismissed the complaint in a May 31, 2023 order accompanied by a thorough and cogent written decision. The judge noted the plain language of

2

the FDCPA prohibits a debt collector from communicating, "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). The judge found "[t]he allegations presented by plaintiff in this case do not reflect the concerns espoused by Congress and would require an overly rigid reading of the statute." After reviewing the legislative history of the FDCPA, the judge dismissed the claim, reasoning:

> Unlike the persons who could inflict harm upon plaintiff through the disclosure of plaintiff's debt information, disclosure to a letter vendor of basic debt information does not fall within the purview of Congressional concerns. Congress intended to prevent harmful debt collection practices; disclosure of debt information to a letter vendor is not the type of disclosure contemplated by Congress. Indeed, plaintiff is unable to demonstrate what direct harm the disclosure has caused and has not shown that disclosure of information to a letter vendor for the sole purpose of mailing constitutes the type of harmful practice sought to be prevented by Congress.

Next, the judge dismissed plaintiff's CFA claim because "'improper disclosure' of debtor information to a third-party letter vendor . . . alone [did not] constitute[] an unconscionable practice under the CFA or that any other

alleged unconscionable practice was engaged in by defendant." The judge further found plaintiff had not suffered an ascertainable loss.

The judge also dismissed plaintiff's negligence claim because "plaintiff ha[d] not presented an independent basis to impose some duty upon the defendant" and plaintiff had not shown any damages resulting from defendant's alleged negligence.

Finally, the judge dismissed plaintiff's claim of invasion of privacy because defendant

> did not engage in conduct violating the FDCPA and did not have an obligation to refrain from disclosure to the mail vendor of debtor information for the purpose of mailing generation. Moreover, plaintiff's complaint is absent an allegation that defendant actually disclosed debtor information so as to publish same to a real person or disclose said information in a way that would result in publicity of private facts.

This appeal follows.

We review de novo a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e). Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving

the plaintiff the benefit of 'every reasonable inference of fact.'" <u>Ibid.</u> (quoting

<u>Dimitrakopoulos</u>, 237 N.J. at 107). "The essential test [for determining the

adequacy of a pleading] is simply 'whether a cause of action is "suggested" by

the facts.'" <u>Green v. Morgan Props.</u>, 215 N.J. 431, 451-52 (2013) (quoting

<u>Printing Mart-Morristown v. Sharp Elecs. Corp.</u>, 116 N.J. 739, 746 (1989)). "At

this preliminary stage of the litigation the [c]ourt is not concerned with the

ability of [the] plaintiff to prove the allegation contained in the complaint."

<u>Printing Mart-Morristown</u>, 116 N.J. at 746.

"[I]f the complaint states no claim that supports relief, and discovery will

not give rise to such a claim, the action should be dismissed." <u>Dimitrakopoulos</u>,

237 N.J. at 107. "A trial court's interpretation of the law and the legal

consequences that flow from established facts are not entitled to any special

deference." <u>Manalapan Realty, L.P. v. Twp. Comm. of Manalapan</u>, 140 N.J.

366, 378 (1995).

On appeal, plaintiff largely reprises the same arguments raised before the

motion judge: his claims should not be dismissed. We disagree, addressing

plaintiff's claims in turn.

In order to establish an FDCPA claim, a plaintiff must demonstrate: (1)

the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the

challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)). Here, the trial judge correctly considered legislative intent to determine whether the alleged conduct violated the FDCPA.

In examining the plain meaning of a statute, "the Legislature's intent is paramount and, generally, the statutory language is the best indicator of that intent." Hodges v. Sasil Corp., 189 N.J. 210, 223 (2007). "Statutory words are ascribed their ordinary meaning and are read in context with related provisions, giving sense to the legislation as a whole." Ibid. "Our duty is to construe and apply the statute as enacted." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

Plaintiff alleged defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of his arguments, plaintiff cites out-of-state decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to address the out-of-jurisdiction cases cited by plaintiff. See

6

Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

We concur with the motion judge's determination that defendant's use of a letter vendor was not abusive, deceptive, nor unfair and reject plaintiff's proposed interpretation of the FDCPA as uncritically literal. Defendant's disclosure of debt-related information to a letter vendor was not the type of conduct Congress intended to regulate when it enacted the FDCPA. When viewing plaintiff's complaint and affording him all reasonable inferences of fact, plaintiff did not "genuinely allege" any facts establishing defendant's conduct violated the FDCPA.

We next address plaintiff's CFA claim. "To prevail on a CFA claim, a plaintiff must establish three elements: '1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Zaman v. Felton, 219 N.J. 199, 222 (2014) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). Allegations that contain only "mere[] statements of a legal conclusion" cannot survive a motion to dismiss for failure to state a claim; a complaint must be supported by "specific facts that would allow a fact-finder to draw that

conclusion." Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 114 (App. Div. 2009).

We agree with the motion judge's determination plaintiff's complaint failed to state a claim under the CFA because there was nothing unconscionable or unlawful about defendant's actions, and plaintiff did not demonstrate an ascertainable loss.

Turning to plaintiff's negligence claim, a plaintiff must establish "(1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).

Here, plaintiff alleged defendant owed him a duty "to maintain the confidentiality of his private financial information." We concur with the motion judge's determination that the FDCPA was not intended to impose a duty barring debt collectors from disclosing certain information to letter vendors; therefore, plaintiff failed to demonstrate defendant owed him a duty. Plaintiff also failed to show he suffered any damages, which is likewise fatal to his negligence claim.

Finally, we consider plaintiff's claim of invasion of privacy. "As a tort, invasion of privacy encompasses 'four distinct kinds of invasion of four different interests of the plaintiff.'" Villanova v. Innovative Investigations, Inc., 420 N.J.

Super. 353, 360 (App. Div. 2011) (quoting Rumbauskas v. Cantor, 138 N.J. 173, 179 (1994)). Relevant here, invasion of privacy includes "making public private information about plaintiff[]." Ibid. (quoting Rumbauskas, 138 N.J. at 180).

"[I]nvasion of privacy by unreasonable publication of private facts occurs when . . . 'the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized.'" Romaine v. Kallinger, 109 N.J. 282, 297 (1988) (quoting Bisbee v. John C. Conover Agency, 186 N.J. Super. 335, 340 (App. Div. 1982)).

Here, plaintiff alleged defendant invaded his privacy by "unreasonable publication of private facts" containing his financial information and, as a result, defendant damaged plaintiff "by exposing [his] private information to persons who lacked any right or entitlement to know [his] private financial information."

We agree with the motion judge's determination the complaint failed to state a claim for invasion of privacy because there was nothing unreasonable or offensive about defendant's conveyance of plaintiff's information to a letter vendor for the legitimate purpose of creating a collection letter.

To the extent we have not expressly addressed any of plaintiff's remaining issues, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-3463-22