**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1826-23

LATONYA MILLER, on behalf
of herself and those similarly
situated,

     Plaintiff-Appellant,

v.

AMERICOLLECT, INC.,

     Defendant-Respondent.

_____

Argued April 9, 2025 – Decided May 2, 2025

Before Judges Mayer and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-6164-21.

Mark H. Jensen argued the cause for appellant (Kim Law Firm LLC, attorneys; Philip D. Stern and Yongmoon Kim, on the briefs).

Han Sheng Beh argued the cause for respondent (Hinshaw & Culbertson LLP, attorneys; Han Sheng Beh, on the brief).

PER CURIAM

Plaintiff Latonya Miller, on behalf of herself and those similarly situated, appeals from the January 18, 2024 Law Division order granting defendant Americollect, Inc.'s motion to dismiss plaintiff's complaint for failure to state a claim. We affirm.

Plaintiff incurred a debt and the lender transmitted that debt to defendant, a debt collector. Defendant engaged a third-party letter vendor to draft, print, address and mail a collection letter to plaintiff. The letter included plaintiff's account number, the amount due to the lender and plaintiff's full name and address.

Following dismissals of her initial and first amended complaints, plaintiff filed a second amended complaint in September 2022. The four-count purported class action complaint alleged violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 to 1692p; violations of the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -229; negligence and invasion of privacy, based on defendant's sharing plaintiff's personal information to a third party. Defendant, in lieu of an answer, again moved to dismiss the complaint pursuant to Rule 4:6-2(e).

After hearing oral argument, Judge Keith E. Lynott granted defendant's motion and dismissed the complaint with prejudice in a January 18, 2024 order

2

accompanied by a thorough and cogent written decision. The judge noted the plain language of the FDCPA prohibits a debt collector from communicating, "in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." 15 U.S.C. § 1692c(b). After reviewing the legislative history of the FDCPA, the judge dismissed the claim, reasoning:

> The essential purpose of the FDCPA . . . is to address and deter abusive collection practices that give rise to a risk of embarrassment or other hardship to a debtor, such as . . . communications directed at a family member, friend, neighbor, or employer of the debtor. Save as necessary to protect such interests of the debtor, the FDCPA is not intended to impede or impair legitimate collection efforts of a . . . debt collector.
>
> . . . There are no facts presently alleged that would permit a conclusion that the alleged supplying of information by [defendant] to the letter vendor was in any way intended to, or had or could have had the effect of[] harassing, embarrassing, or humiliating [plaintiff] or was otherwise undertaken for any reason other than legitimate collection activities directed to the debtor.

The judge dismissed plaintiff's CFA claim because "[t]here [was] no violation of the FDCPA pleaded in the [c]omplaint or [a]mended [c]omplaint that could form the basis of a claim for relief under the CFA." He further concluded "the transmission of information to a letter vendor is . . . not an

unconscionable commercial practice . . . under the CFA" and "[t]here [was] nothing deceptive, fraudulent, or unconscionable about either engaging a letter vendor for a legitimate purpose or transmitting to such vendor information the latter needs to perform its function."  The judge also found plaintiff had not established an ascertainable loss.

Next, the judge dismissed plaintiff's negligence claim, concluding "[t]o the extent the FDCPA establishes a duty of care on the part of the debt collector as to the debtor, . . . the pleading does not allege a breach of such duty inasmuch as it does not allege a violation of the [FDCPA]."

Finally, the judge dismissed plaintiff's invasion of privacy claim because "[t]here are no allegations that [the communicated information] became a matter of public knowledge or consumption.  Indeed, the [p]laintiff does not allege that anyone at the letter vendor actually read the information concerning [her] debt, much less that such individual(s) publicized the information to the general public."

This appeal follows.

We review de novo a motion to dismiss for failure to state a claim pursuant to Rule 4:6-2(e).  Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021)

(citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).

In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'" Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107). "The essential test [for determining the adequacy of a pleading] is simply 'whether a cause of action is "suggested" by the facts.'" Green v. Morgan Props., 215 N.J. 431, 451-52 (2013) (quoting Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989)). "At this preliminary stage of the litigation the [c]ourt is not concerned with the ability of [the] plaintiff to prove the allegation contained in the complaint." Printing Mart-Morristown, 116 N.J. at 746.

"[I]f the complaint states no claim that supports relief, and discovery will not give rise to such a claim, the action should be dismissed." Dimitrakopoulos, 237 N.J. at 107. "A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A-1826-23

On appeal, plaintiff largely reprises the same arguments raised before the motion judge: her claims should not be dismissed. We disagree, addressing plaintiff's claims in turn.

In order to establish an FDCPA claim, a plaintiff must demonstrate: (1) the plaintiff is a consumer; (2) the defendant is a debt collector; (3) the challenged practice involves an attempt to collect a "debt" as defined by the FDCPA; and (4) the defendant violated the FDCPA in attempting to collect the debt. Midland Funding LLC v. Thiel, 446 N.J. Super. 537, 549 (App. Div. 2016) (quoting Douglass v. Convergent Outsourcing, 765 F.3d 299, 303 (3d Cir. 2014)). Here, the trial judge correctly considered legislative intent to determine whether the alleged conduct violated the FDCPA.

In examining the plain meaning of a statute, "the Legislature's intent is paramount and, generally, the statutory language is the best indicator of that intent." Hodges v. Sasil Corp., 189 N.J. 210, 223 (2007). "Statutory words are ascribed their ordinary meaning and are read in context with related provisions, giving sense to the legislation as a whole." Ibid. "Our duty is to construe and apply the statute as enacted." DiProspero v. Penn, 183 N.J. 477, 492 (2005) (quoting In re Closing of Jamesburg High Sch., 83 N.J. 540, 548 (1980)).

Plaintiff alleged defendant's use of a letter vendor to create a debt collection letter was, in and of itself, abusive, deceptive or unfair. In support of her arguments, plaintiff cites out-of-state decisions interpreting the FDCPA. We note "decisions of the federal courts of appeals are not binding on this court," Daniels v. Hollister Co., 440 N.J. Super. 359, 367 n.7 (App. Div. 2015), and therefore decline to address the out-of-jurisdiction cases cited by plaintiff. See Pressler & Verniero, Current N.J. Court Rules, cmt. 3.5 on R. 1:36-3 (2025) ("On questions of federal constitutional law and statutory law, only decisions of the United States Supreme Court are binding on the courts of this state.").

We concur with the motion judge's determination that defendant's use of a letter vendor was not abusive, deceptive, nor unfair and reject plaintiff's proposed interpretation of the FDCPA as uncritically literal. Defendant's disclosure of debt-related information to a letter vendor was not the type of conduct Congress intended to regulate when it enacted the FDCPA. When viewing plaintiff's complaint and affording her all reasonable inferences of fact, plaintiff did not "genuinely allege" any facts establishing defendant's conduct violated the FDCPA.

We next address plaintiff's CFA claim. "To prevail on a CFA claim, a plaintiff must establish three elements: '1) unlawful conduct by defendant; 2)

A-1826-23

an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss.'" Zaman v. Felton, 219 N.J. 199, 222 (2014) (quoting Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009)). Allegations that contain only "mere[] statements of a legal conclusion" cannot survive a motion to dismiss for failure to state a claim; a complaint must be supported by "specific facts that would allow a fact-finder to draw that conclusion." Hoffman v. Hampshire Labs, Inc., 405 N.J. Super. 105, 114 (App. Div. 2009).

We agree with the motion judge's determination plaintiff's complaint failed to state a claim under the CFA because there was nothing unconscionable or unlawful about defendant's actions, and plaintiff did not demonstrate an ascertainable loss.

Turning to plaintiff's negligence claim, a plaintiff must establish "(1) a duty of care; (2) a breach of that duty; (3) proximate cause; and (4) actual damages." Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008)).

Here, plaintiff alleged defendant owed her a duty "to maintain the confidentiality of her private healthcare and financial information." We concur with the motion judge's determination that the FDCPA was not intended to

impose a duty barring debt collectors from disclosing certain information to letter vendors; therefore, plaintiff failed to demonstrate defendant owed her a duty. Plaintiff also failed to show she suffered any damages, which is likewise fatal to her negligence claim.

Finally, we consider plaintiff's claim of invasion of privacy. "As a tort, invasion of privacy encompasses 'four distinct kinds of invasion of four different interests of the plaintiff.'" Villanova v. Innovative Investigations, Inc., 420 N.J. Super. 353, 360 (App. Div. 2011) (quoting Rumbauskas v. Cantor, 138 N.J. 173, 179 (1994)). Relevant here, invasion of privacy includes "making public private information about plaintiff[]." Ibid. (quoting Rumbauskas, 138 N.J. at 180).

"[I]nvasion of privacy by unreasonable publication of private facts occurs when . . . 'the matters revealed were actually private, that dissemination of such facts would be offensive to a reasonable person, and that there is no legitimate interest of the public in being apprised of the facts publicized.'" Romaine v. Kallinger, 109 N.J. 282, 297 (1988) (quoting Bisbee v. John C. Conover Agency, 186 N.J. Super. 335, 340 (App. Div. 1982)).

Here, plaintiff alleged defendant invaded her privacy by "unreasonable publication of private facts" containing her financial information and, as a result,

defendant damaged plaintiff "by exposing [her] private information to persons who lacked any right or entitlement to know [her] private financial information."

We agree with the motion judge's determination the complaint failed to state a claim for invasion of privacy because there was nothing unreasonable or offensive about defendant's conveyance of plaintiff's information to a letter vendor for the legitimate purpose of creating a collection letter.

To the extent we have not expressly addressed any of plaintiff's remaining issues, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1826-23